## JOHN DURGIN WALDRON, JR. *v.* STATE OF MARYLAND

[No. 488, September Term, 1968.]

*Decided August 19, 1969.*

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Raymond J. Kane, Jr.,* with whom was *Malcolm B. Kane* on the brief, for appellant.

*Robert A. DiCicco, Assistant Attorney General,* with

whom were *Francis B. Burch, Attorney General, Richard J. Kinlein, State's Attorney for Howard County,* and *Charles E. Wehland, Deputy State's Attorney for Howard County,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

The appellant, John Durgin Waldron, Jr., was convicted of armed robbery in the Circuit Court for Howard County, Judge James Macgill sitting without a jury. He was sentenced to serve thirteen years under the jurisdiction of the Department of Correction, the sentence to be consecutive to any sentence he was then serving.

Upon this appeal the sole issue presented for our consideration is whether the trial court erred in denying appellant's motion for a severance.

On the evening of October 22, 1967, at about 11:00 p.m., Leonard L. Swanson and his wife, Beverly Jean Swanson, were preparing to close the Seven-Eleven branch store in Ellicott City, Maryland. A man came into the store as Mr. Swanson, who was in charge of the store at that time, was about to close and asked, "Am I too late?" Mr. Swanson replied, "No, sir, you'll be the last one." The man then produced a pistol and, with the aid of another man who entered shortly thereafter, robbed the Swansons and left them tied up in the store.

The appellant and Lawrence Kates were jointly indicted for the robbery and the case was set down for joint trial. It appears that the appellant and Kates were jointly represented by two attorneys at the time of the trial. Immediately before the trial was to begin, counsel requested separate trials for appellant and Kates. The ground of the motion for severance was that the victims might have greater difficulty identifying one of the defendants than the other, and a severance would preclude any in-court identification based solely on association or on the physical proximity of the defendants at trial. The court, after hearing argument on the motion, denied the requested severance. However, the court did order se-

questration of the witnesses while the defendants were brought into the courtroom. While the witnesses remained sequestered, the defendants, dressed in civilian clothing, were allowed to sit individually among the spectators rather than at counsel's table. The guards who accompanied the defendants did not sit with the defendants, but remained by the entrance to the courtroom.

At trial the victims made in-court identifications of appellant and Kates, and the record does not reflect any hesitancy or uncertainty in the identifications. The victims also testified that they assisted the police in making composite pictures of each of the defendants, and that they identified each of the defendants from a group of photographs variously estimated as twelve, fourteen, and twenty in number. Mr. Swanson also testified that he attended a lineup at which he identified both defendants; and Mrs. Swanson testified that she had attended a lineup but had identified only Kates. The testimony of Mr. and Mrs. Swanson reveals also that the men were in the store for about fifteen minutes, that the main part of the store was lighted and that they identified the appellant as the man who first entered the store and exhibited the pistol.

As we have recently stated in *Laws and Dorman v. State,* 6 Md. App. 243, 248 (1969), the matter of severance in Maryland is entirely in the discretion of the trial judge in the absence of an abuse thereof. See also *David and Peterson v. State,* 1 Md. App. 581, 584 (1967), and the authorities there cited. The strict precautions taken by the court in sequestering the witnesses while the defendants entered the courtroom and in allowing the defendants to seat themselves individually, and without guards, among the spectators went far to eliminate any possibility of an in-court identification of either defendant by reason of association or physical proximity of the other. In addition, the unhesitating and unequivocal identifications at trial of the defendants by the victims show no reliance upon the association or proximity

of one defendant to the other. In short, we are unable to find a scintilla of prejudice accruing to appellant by reason of the denial of the motion for a severance. In such circumstances we cannot find an abuse of discretion.

*Judgment affirmed.*