## Commonwealth *v.* Beldham.

*Practice, Q. S.—Submission of indictment by district attorney—Indorsement by the court.*

Where a bill has been regularly sent up by the district attorney, under the sanction of the court, upon the return of a proper officer the bill cannot be quashed except for matters appearing on the face of the record. While the more orderly practice is for the court to indorse its approval in writing prior to submission, such subsequent indorsement is sufficient when in accordance with a practice approved by the court.

*Criminal law—Illicit sale of liquor—Sufficiency of indictment—Question for jury.*

The charge being the sale of intoxicating liquor without a license, the

indictment is sufficient when it contains more than is required by the stat-
ute. The question whether the drink sold was an admixture of spirituous,
vinous or malt liquors in a disguised form is purely for the jury.

Argued Feb. 13, 1900. Appeal, No. 121, April T., 1900, by
defendant, in suit of Commonwealth against George Beldham,
from sentence of Q. S. Armstrong Co., Sept. Sess., 1899, No. 41,
on verdict of guilty. Before RICE, P. J., BEAVER, ORLADY,
W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion
by ORLADY, J.

Indictment for keeping a tippling and disorderly house and
selling liquor without a license. Before RAYBURN, P. J.

It appears from the record that the indictment was sent to
the grand jury by the district attorney upon a constable's re-
turn. Defendant moved to quash the indictment for the follow-
ing reasons:

[1. There is no information to support the indictment.] [1]

[2. The return of the constable of Apollo borough, filed
at the above number, is not sufficient to support the indict-
ment.] [2]

[3. The indictment does not charge the offense as being com-
mitted in Apollo borough, and within the jurisdiction or baili-
wick of the constable of Apollo borough.] [3]

[4. There was no arrest, hearing or binding over prior to the
finding of the indictment by the grand jury; neither was the
bill sent up by the direction of the court, or on a presentment
of the grand jury.] [4]

[5. The first count, charging a nuisance, is defective, because
it does not fix the location of the alleged nuisance.

[6. That by inspection of the indictment, it appears that
one Frank N. Cuson was called and sworn by the grand jury
without his name being first placed upon the indictment by the
district attorney.] [5]

[7. The second count is bad because of duplicity and uncer-
tainty, and because it attempts to charge an offense that is not
indictable, to wit: The sale of an intoxicating liquor called
ambrosia.] [6]

The court made the following order on the motion to quash
the indictment:

The Court: It being the practice of the court, upon receiv-

ing returns of the constables, when return of a violation of the law is made, an individual return is always referred by the court to the district attorney. And that being done in this case, we will overrule the motion to quash, and now make an order sanctioning a sending up of a bill to the grand jury by the district attorney. And upon request of defendant, exception allowed and sealed.

December 20, 1899, exception granted defendant and bill sealed.

Verdict of guilty and sentence thereon to pay a fine of $500, pay the costs of prosecution and undergo imprisonment for three months. Defendant appealed.

*Errors assigned* were (1–6) in refusing to quash the indictment for the reasons above recited.

*H. N. Snyder*, with him *Austin Clark*, for appellant.—It is true the Supreme Court has sustained what is called a district attorney's bill, but it should be sent to the grand jury under the sanction of the court, and that only in case of pressing and adequate necessity, or where required to meet some grave emergency, or provide for some urgent public need: Rowand v. Com., 82 Pa. 405; McCullough v. Com., 67 Pa. 30.

An indictment must set forth every fact necessary to constitute the offense; it must be certain to every intent, and without any intendment to the contrary: Brightly's Digest, p. 483.

If a witness whose name is not placed upon the indictment is called and sworn by the grand jury, the indictment will be quashed: Com. v. Wilson, 6 Kulp, 40.

Can it be said that because the drink did intoxicate that it was therefore vinous, spirituous, malt or brewed liquor?

The intoxicating quality is not one which is prohibited by the act, hence an issue upon that question does not arise: Hatfield v. Com., 120 Pa. 395; Com. v. Reyburg, 122 Pa. 299.

*Rush Fullerton*, district attorney, with him *Samuel B. Cochrane*, for appellee.—As to the first assignment: The law is well settled that a return of the constable is sufficient to base an indictment upon without information or complaint, preliminary hearing or binding over: Com. v. Swallow, 8 Pa. Superior Ct. 539, 617; Com. v. Bredin, 165 Pa. 224.

In the case at bar the court ratified and approved this procedure. The return was for keeping a tippling and disorderly house on one of the main streets of a town and selling liquor without a license.

The practice of the lower courts has always been to adhere to the practice so well established by the cases cited.

In Commonwealth v. Swallow, 8 Pa. Superior Ct. 539, 617, the same principle is again recognized.

OPINION BY ORLADY, J., July 26, 1900:

The prosecution in this case was founded upon the return of the constable of Apollo. borough, who, under oath, made answer to questions which are regularly propounded to all such officers. He clearly specified the offense of the defendant, and gave the names of the witnesses who could prove the fact. Pursuant to a practice which prevails in many counties of the commonwealth, the constable's return was delivered to the district attorney and a bench warrant was issued for the arrest of the defendant. An indictment was submitted to the grand jury before leave of court in writing had been obtained; this action of the district attorney was in accord with the local practice in such cases. A more orderly practice would be to have the court indorse on the indictment its approval of the submission to the grand jury. In this case the same judge, who had full knowledge of the fact that the court had under its unwritten rule authorized the action of the district attorney, subsequently made an order in writing sanctioning the submission of the indictment to the grand jury on the return of the constable, and in this there was no error.

The duty of the constable, the district attorney and the court in such cases is reviewed in McCullough v. Commonwealth, 67 Pa. 30, where it is said, " But when the bill has been regularly sent up by the district attorney, under the sanction of the court, upon the return of a proper officer as in this case, the bill cannot be quashed except for matters appearing on the face of the record." It was not sent up surreptitiously, but followed a practice approved by the court: Brown v. Commonwealth, 76 Pa. 319; Hartranft's Appeal, 85 Pa. 433.

It is a power to be exercised, in the ordinary case, under the supervision of the court, and in all cases its exercise is subject

to revision and approval by the court: Rowand v. Commonwealth, 82 Pa. 405. If the process is misapplied the court will vindicate itself in restraining its exercise, and the action of the officer and the court will be reviewed only when the abuse of discretion is found to be both manifest and flagrant: Commonwealth v. Green, 126 Pa. 531 ; Commonwealth v. Breden, 165 Pa. 224 ; Commonwealth v. Montross, 8 Pa. Superior Ct. 237.

The sixth assignment of error is without merit, as the inspection of the indictment, as indorsed by the district attorney, clearly shows that the name believed to be Frank N. Cuson is a clerical error for Frank Mason.

The indictment contains more than is required by the statute, but by the defendant's second point which was affirmed, the issue was clearly confined to whether the article which he sold without a license was a spirituous, vinous, malt or brewed liquor, or an admixture thereof. In the body of its charge the court said: "Now the only question for you to determine in this case is whether that ' Ambrosia ' that he sold there was a spirituous, vinous, malt or brewed liquor or admixture thereof," and " now gentlemen, if you find from the evidence in this case that this liquid that was sold by this defendant was vinous, spirituous, malt or brewed liquor or admixture thereof, then it would be your duty to find him guilty of the second count in this indictment; but if you find that this liquor that was sold by him was not such a liquor as is described in this act of assembly as vinous, spirituous, malt or brewed liquor or admixture thereof, it would be your duty to acquit him."

The sales were clearly proved and there was sufficient evidence to show that the article sold was an admixture of spirituous, vinous, malt or brewed liquors, in a disguised form. The experiment to evade the law in this manner was a failure, and after a fair trial the defendant was rightly convicted. It was purely a question for the jury and there was abundant evidence to warrant the verdict: Hatfield v. Commonwealth, 120 Pa. 395 ; Commonwealth v. Reyburg, 120 Pa. 299.

The assignments of error are overruled and the judgment is affirmed.