Commonwealth *v.* Hackney, Appellant.

Argued March 12, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Dean D. Sturgis*, and with him *Frank R. Crow, Jr.*, for appellant.

*Wade K. Newell*, District Attorney, and with him *T. A. Waggoner, Jr.*, Assistant District Attorney.

OPINION BY BALDRIGE, J., April 15, 1935:

The defendant, who was indicted and convicted of embezzlement, was a tax collector of Luzerne Township, Fayette County, for the years 1926 to 1932, inclusive. On or about April 1, 1932, the tax duplicate, in the sum of $139,264.81, and warrant for that year were issued to him. No return showing the names of

the taxables, the amount each paid, and the number of tax receipts issued was filed by him within the time required by law. On May 26, 1933, a return was filed, setting forth collections in May and June, 1932, of $106,061.57. Credit was taken thereon for commissions of $2,121.23 and $70,500 paid to the county treasurer on July 1, 1932, leaving a balance due the county of $33,440.34.

The controller's report of Fayette County for the year 1933 was presented in open court on January 30, 1934, and ordered filed. It showed that the defendant had failed to turn over to the county treasurer $33,-440.34 county taxes collected in 1932. When the grand jury met for the March sessions of 1934, its attention was called by the court to the controller's report and to the shortage that existed in appellant's accounts, and instructions were given to make an investigation thereof and to report to the court. The grand jury, in due course, made a return, on March 3, 1934, that the defendant had embezzled the sum of $33,440.34. Thereupon, in pursuance of the court's direction, the district attorney prepared an indictment under the Act of June 3, 1885, P. L. 72 (18 PS §2573). The grand jury heard witnesses and the same day returned a true bill upon an indictment containing three counts. A copy of the indictment was served upon the defendant and the case was continued until the June sessions.

When this case was called for trial, the defendant moved to quash the indictment, and assigned as a reason therefor that by the exercise of the extraordinary power of the court he was deprived of his constitutional rights of arrest, an information, and preliminary hearing.

There is ample authority for the court's action in charging the grand jury to investigate the official conduct of the defendant, and to make such presentment as the investigation warranted. As a presentment

recommending the submission of a bill of indictment resulted, the power and duty of the court, in a case of this character, to order the district attorney to prepare and submit an indictment are beyond question. The alleged delinquency of the defendant, a public officer, was a matter of concern and interest to all citizens. The taxpayers were entitled to know how he conducted himself in office and transacted public business committed to his care. In view of the importance of the offense charged and the circumstances connected therewith, it was a very proper occasion for the exercise of this extraordinary judicial power. See McCullough v. Com., 67 Pa. 30, 33; Com. v. Hurd et al., 177 Pa. 481, 35 A. 682; Com. v. Sunderlin, 31 Pa. Superior Ct. 349; Com. v. Klein, 40 Pa. Superior Ct. 352; Com. v. Ramsey, 42 Pa. Superior Ct. 25. An indictment submitted by the district attorney with the sanction of the court has been sustained, despite the absence of a commitment or binding over, where the violation of the law charged was not by a public official, provided the offense is one of public notoriety, where information comes to the court through a constable's return, etc. Com. v. Green, 126 Pa. 531, 17 A. 878; McCullough v. Com., supra; Com. v. Beldham, 15 Pa. Superior Ct. 33; Com. v. Norris, 87 Pa. Superior Ct. 61; Com. v. Strauss, 89 Pa. Superior Ct. 82, are a few of the many cases that may be found supporting this practice.

An appellate court will only quash an indictment when such procedure is followed, where there has been a manifest and flagrant abuse of discretion: Com. v. Sheppard, 20 Pa. Superior Ct. 417; Com. v. Sharpless, 31 Pa. Superior Ct. 96. In Com. v. Green, supra, cited by appellant, the court sustained the action of the lower court in quashing the indictment. But the Supreme Court called attention to the fact that if the lower court, in the exercise of its discretion, had sustained the indictment, it was quite improbable that its judg-

ment would have been disturbed. We find that the defendant was not denied any of his constitutional rights, and that the proceedings were regular and legal.

Another reason advanced in support of the motion to quash the indictment is that the court erred in refusing the defendant's motion to assign the case to another member of the court for trial, inasmuch as the president judge was the member of the court who instructed the grand jury to make an investigation, and thereafter directed the district attorney to submit the indictment to the grand jury; and that the trial judge appeared before the grand jury, although not under oath. We find no substance in this contention. The general rule is that the judge who directs the district attorney to hand in a bill to the grand jury hears the case. The grand jury, after a bill had been found and returned on March 3, 1934, upon its request, was given additional time for further investigation of the conduct of other officials. It was temporarily excused, but was summoned back on May 21st. When the grand jury reconvened to complete its investigation, the president judge, at the request of the grand jury, did appear before it. It would have been a better practice to have informed the grand jury that if it desired further instructions it could appear in court to receive them, but as it had finished deliberating upon appellant's case, had found a true bill, and had made a return, its duties in the case had ended some weeks before. The appearance of the trial judge before the grand jury had no significance in this case and it is not shown that the defendant was in any wise prejudiced thereby.

The defendant also complains of the rejection of a lengthy offer to prove his financial transactions covering a period from 1926 to 1933, the substance of which was that shortages had accumulated in that time to $106,367.82 in his account as tax collector in the First National Bank of Republic, due to fraudulent and

criminal acts upon the part of the officers of the bank, for which the defendant was in no way to blame. The bank closed its doors on February 13, 1931, long before the appellant had received the money he was charged with embezzling. He was not entitled to be relieved of his criminal conduct by showing that he paid the amount received on the 1932 tax duplicate on account of deficits of prior years, which had resulted from the wrongdoing of the bank officials. That was no defense to the charge confronting him. In the case of Com. v. McCullough, 19 Pa. Superior Ct. 412, the defendant was convicted of embezzlement and defalcation in taxes collected on the 1899 duplicate. His defense was that he used this money to make good deficits on the books for the years 1897 and 1898. The court held there that this would not relieve him of converting and appropriating to his own use the moneys collected by him. There was no attempt to show that the appellant in the present case had not collected the sum with which he was charged, or that it had been paid over to the county treasurer. The offer was properly rejected.

There remains the further contention that there was no evidence of an intentional appropriation or failure to pay over. Direct proof of a guilty intent is not always necessary in a prosecution for violation of a statute. Whether it is incumbent upon the Commonwealth to show a criminal knowledge or intent as an essential ingredient of a statutory offense is generally a matter of construction, to be determined by the language of the statute. The Act of 1885, supra, under which the defendant was indicted, provides that any person charged with the collection of taxes who shall appropriate moneys so collected to his own use shall be guilty of a misdemeanor. If the legislature had determined that an essential element of the crime should be guilty intent or knowledge, it, no doubt, would have inserted those words. We think the clear construction

of the act does not support the appellant's contention that the Commonwealth was required to show an appropriation with a criminal intent to defraud the township. In Com. v. McCullough, supra, there was no proof of the defendant's intention in appropriating the money to his own use. In Com. v. Weiss, 139 Pa. 247, 21 A. 10, it is stated that in offenses charging the violation of fiscal laws, it is not essential to prove intent or knowledge of the defendant, as he is bound to know and obey the laws at his peril.

The unanimous opinion of this court is that the assignments of error should be overruled.

Judgment of the lower court is affirmed, and it is hereby ordered that the defendant appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal was made a supersedeas.