516 A.2d 68

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Elmer C. McCLUCAS, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 23, 1986.

Filed Oct. 14, 1986.

450

---

Joshua D. Lock, Harrisburg, for appellant.

Yvonne A. Okonieski, Deputy District Attorney, Harrisburg, for Com., appellee.

Before OLSZEWSKI, CERCONE and HESTER, JJ.

OLSZEWSKI, Judge:

This matter comes before this Court on appeal from a judgment of sentence. Appellant, Elmer C. McClucas, Sr., was convicted of rape (3 counts), statutory rape (3 counts), incest, simple assault (2 counts), corruption of minors, and endangering the welfare of children.[1] These offenses were allegedly committed against appellant's minor child on or about March 1979 through April 1984. Various pre-trial motions challenging, *inter alia*, the factual allegations contained in the informations and the rise of certain offenses which occurred outside the statute of limitations period were filed and denied. In addition, the court denied a defense request to exclude all testimony relating to any offenses which occurred outside the statutory period. Following his conviction, appellant was sentenced to a cumulative term of five-to-ten years imprisonment. Appellant now contends that: (1) trial counsel was ineffective in failing to seek a dismissal of certain counts of the information charging incidents of rape, statutory rape, and corruption of minors which occurred outside of the period allowed for prosecutions; (2) trial counsel was ineffective in failing to seek an arrest of judgment where the remaining charges were supported by insufficient evidence; (3) the informations should have been dismissed inasmuch as they violated Pa.R.Crim.P. 225(b) by alleging criminal violations outside the period of the statute of limitations; (4) the informations charging appellant with rape, statutory rape, and incest were insufficient and thus denied him the opportunity to defend himself; and (5) testimony regarding criminal acts committed by appellant outside of the statute of limitations period was improperly admitted into evidence. We will address these arguments *seriatim*.

After a careful review of the record, we note appellant's trial counsel attempted, although unsuccessfully, via pre-trial motions[2] to challenge the informations on the basis

1. Following appellant's trial, the court merged one count of indecent assault with the other offenses and dismissed that charge.

2. Appellant's omnibus pre-trial motion to suppress evidence, *inter alia*, was filed on June 6, 1985.

that certain offenses contained therein were time-barred. In addition, trial counsel filed a supplemental omnibus pre-trial motion [3] that included a motion to dismiss the information due to a lack of specificity and the expiration of the statute of limitations and argued these motions prior to trial. Premised on the concerted efforts of appellant's trial counsel, we cannot say that appellant was denied the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We similarly find with respect to appellant's second argument asserting similar deprivations, that appellant's trial counsel did raise the insufficiency of the evidence argument in a motion for a new trial and in arrest of judgment. Consequently, appellant's claim of ineffective assistance of counsel must fail.

Nor are we persuaded by appellant's third argument that the informations filed against appellant should have been dismissed inasmuch as they violated Pa.R.Crim.P. 225(b) by containing offenses which occurred beyond the statute of limitations. It is well established that a reviewing court will only reverse a decision granting or denying a motion to quash when the lower court clearly has abused its discretion. *Commonwealth v. Shirey*, 333 Pa.Super. 85, 481 A.2d 1314 (1984); *Commonwealth v. Niemetz*, 282 Pa.Super. 431, 422 A.2d 1369 (1980). *See also Commonwealth v. Hackney*, 117 Pa.Super. 519, 178 A. 417 (1935).

The Pennsylvania Rules of Criminal Procedure, in pertinent part, provide that in order for an information to be valid, it must contain, *inter alia:*

The date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was

3. Appellant's supplemental omnibus pre-trial motion to suppress evidence, *inter alia,* was filed on June 27, 1985.

committed on or about any date within the period fixed by the statute of limitations shall be sufficient ...

Pa.R.Crim.P. 225(b)(3).

A review of the informations filed in the instant case indicate that the offenses occurred on or about March 1979 through April 1984. We are aware that a five year period of limitations governs the acts of rape, statutory rape, and incest, 42 Pa.C.S.A. Sec. 5552(b), and that a two year period of limitations covers the remaining offenses not described in the latter section, 42 Pa.C.S.A. Sec. 5552(a). Thus, under a strict application of this rule, appellant's argument seems to have merit. Nevertheless, we are inclined to find an exception.

■ Commencing at the tender age of ten and one-half years, the victim was repeatedly sexually abused by her father and forced to have sexual intercourse with him from June 1979 until June 1980 on a weekly basis. In addition to the sexual assaults, evidence further revealed that appellant intimidated the child and instructed her not to disclose these events to anyone. As a result the victim testified that she was afraid to tell anyone about the incidents until approximately June of 1980 when she revealed these facts to her mother. Following a brief separation, the abuse again continued in November of 1982. Although the informations were not filed until May 1985, we do note that the complaint and summons were issued on February 25, 1985, less than five years after the incidents were first reported. Since the latter period is determinative of the timeliness of the information, we must conclude that the lower court did not abuse its discretion in failing to dismiss the information. *See Commonwealth v. Kimble,* 323 Pa.Super. 499, 470 A.2d 1369 (1984) (Commonwealth commenced defendant's prosecution in a timely fashion where complaint and summons were issued within the limitations period although the indictment was not issued until after the expiration of the limitations period.)

Nor do we find merit in appellant's next contention that the informations charging him with rape, statutory rape,

and incest were not sufficiently specific to apprise him of the notice of the charges against him. In particular, appellant argues that the "lack of chronological specificity" prevented appellant from adequately defending himself. We disagree.

In *Commonwealth v. Niemetz,* wherein the appellant was convicted of similar offenses (i.e., rape, involuntary deviate sexual intercourse, indecent assault, and corruption of minors), this Court noted:

> Since time is not of the essence in the crimes for which appellant was charged and convicted, *see Commonwealth v. Yon,* 235 Pa.Super. 232, 341 A.2d 169 (1975); *Commonwealth v. Rouse,* 207 Pa.Super. 418, 218 A.2d 100 (1966), the pertinent allegation contained in the information appears to fit precisely Rule 225's proviso that an allegation that an offense was committed "on or about *any* date within the period fixed by the statute of limitations shall be sufficient" when (1) time is not of the essence and (2) a precise date is unknown.... Moreover, we do not believe that it would serve the ends of justice to permit a person to rape and otherwise sexually abuse his child with impunity simply because the child failed to record in a daily diary the unfortunate details of her childhood. Since the facts of the instant case preclude a definitive enumeration of events and because the record belies any assertion that the Commonwealth sought to abuse the flexibility of Rule 225, we hold that it was not an abuse of discretion to deny the motions. (Footnote omitted). (Emphasis in original).

282 Pa.Super. at 439–440, 422 A.2d at 1373.

Nevertheless, appellant contends that the present situation is similar to the circumstances in *Commonwealth v. Devlin,* 460 Pa. 508, 333 A.2d 888 (1975), wherein our Supreme Court held that the defendant was denied due process when he was required to defend the charge that he committed sodomy on some date within a fourteen-month period. It is noteworthy, however, that notwithstanding that judgment, the Court indicated that the "Commonwealth may not be

required to prove the single specific date of a crime in every instance," instead, "any leeway permissible would vary with the nature of the crime and the age and condition of the victim balanced against the rights of the accused." *Id.*, 460 Pa. at 516, 333 A.2d at 892.

In light of *Devlin* and progeny, we must necessarily conclude that the offenses in the instant case, were not susceptible to being dated within a "reasonable degree of certainty." Inasmuch as the crimes, in toto, occurred over a period of time, we are not prepared to say that the lack of chronological specificity seriously encroached upon appellant's ability to defend himself. *See Commonwealth v. Niemetz*, 282 Pa.Super. 431, 422 A.2d 1369 (1980). Thus, the trial court did not abuse its discretion in denying appellant's motion to dismiss the informations.

Lastly, appellant argues that certain testimony regarding criminal acts allegedly committed by appellant beyond the applicable period of limitations was improperly admitted into evidence. Since we have already concluded that certain offenses charged in the informations, although committed outside of the limitations period, were properly raised, we need not address the merits of this argument. Had we decided to dismiss those offenses from the informations, we would nevertheless deny appellant's argument predicated on *Commonwealth v. Bell*, 116 Pa. 405, 31 A. 123 (1895) and progeny. *See Commonwealth v. Leppard*, 271 Pa.Super. 317, 413 A.2d 424 (1979). It is our interpretation that the questioned offenses were part of a series of acts indicating the continuity of illicit relations. Particularly noteworthy is the following comment made by former President Judge Spaeth indicating some hornbook law on this subject:

> Evidence of prior criminal acts is admissible if "to show a passion or propensity for illicit sexual relations with the particular person concerned in the crime at trial."

*McCormick on Evidence,* Sec. 190 at 449. (Cleary ed. 1979) (footnote omitted).

*Id.,* 271 Pa.Superior Ct. at 320, 413 A.2d at 425.

Judgment of sentence affirmed.