# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,           )
                                 )
                                 )
      v.                     )     Case No. 1507013159
                                 )
                                 )
CLINTON HARRIS,           )
                                 )
      Defendant         )

Submitted:    May 2, 2016
Decided:     September 26, 2016

Amanda DiLiberto, Esquire           John X. Denney, Jr., Esquire
Deputy Attorney General              Mattleman, Weinroth, & Miller
820 N. French Street, 7th Floor      200 Continental Drive, Suite 215
Wilmington, DE 19801                 Newark, DE 19713
*Attorney for the State of Delaware*      *Attorney for Defendant*

## MEMORANDUM OPINION AND ORDER
## ON DEFENDANT'S MOTION TO DISMISS

The defendant, Clinton Harris (hereinafter the "Defendant"), brings this motion for dismissal of charges pending against him on the grounds that the State has failed to allege that an unlawful threat was made, with respect to Count I, and that the State further failed to allege that unlawful sexual contact occurred, with respect to Count II. The Defendant additionally argues that the State failed to provide specific dates for the offenses alleged in Counts IV-IX of the information, thereby prejudicing the Defendant's ability to raise a defense. Relatedly, the Defendant argues that Counts IV through IX are based entirely on memory that was impermissibly recovered through psychotherapy.

On March 29, 2016, Defendant timely noticed and filed three (3) separate Motions to Dismiss, raising the aforementioned allegations. On April 7, 2016, the State filed a single Response addressing and opposing the Motions. On April 21, 2016, a hearing was convened to allow the parties to present oral argument. After reviewing the parties' briefs and arguments, the Court determined that the Defendant's Motions to Dismiss would be best addressed by a written opinion addressing all three (3) Motions as a whole. This is the Final Decision of the Court on the Defendant's Motions to Dismiss.

## PROCEDURAL HISTORY

On August 26, 2015, the Defendant was arrested and charged with a single count of Sexual Harassment. On September 24, 2015, the Defendant was charged by information with one (1) count of Sexual Harassment and eight (8) counts of Unlawful Sexual Contact in the Third Degree. That same day, the Defendant filed a Rule 10 Arraignment by Written Pleading and entered a plea of not guilty with respect to the charge of Sexual Harassment.

On November 2, 2015, the Defendant filed a Motion for a Bill of Particulars. At a hearing on December 3, 2015, neither this Court nor the parties possessed an accurate and current copy of the Information. The State was instructed to re-file the information, labeled as a "Superseding Information," and to then arraign the Defendant under the correct information. The Superseding Information alleged one (1) count of Sexual Harassment, occurring on or about September 18, 2014.[1] The Superseding Information further alleged eight (8) counts of Unlawful Sexual Conduct in the Third Degree, with one incident occurring on or about August 20, 2008,

---

[1] The information alleges that the Defendant "did threaten to engage in conduct likely to result in the commission of a sexual offense against Sandra Bufano or suggest, solicit, request, importune, or otherwise attempt to induce to have sexual contact with the actor, knowing that the actor is thereby likely to cause annoyance, offense, or alarm to that person."

another on or about September 21, 2009, and the remaining six (6) incidents occurring between March 1 and July 31, 2012.[2]

The subsequent arraignment occurred on February 12, 2016. That same day, the Defendant filed a second Motion for a Bill of Particulars. The State responded to the Motion on March 4, 2016, and the Motion was granted on March 17, 2016. On March 23, 2016, the State filed a Supplemental Response to the Defendant's Motion for a Bill of Particulars. With respect to Count I, the State alleged that the Defendant stated that he is "fully capable of touching [the victim's] breast." With respect to Count II, the specific contact alleged was that the "Defendant put his hand on victim's knee, grabbed victims [sic] hand, and rubbed the inside of the victim's palm."

Concerning Counts IV through IX, the State specified that each incident occurred within the offices of Practice Without Pressure. Each count provides the specific area of the facility where the conduct allegedly occurred (Count V, the wheelchair ramp, Count VII, the bathroom, and so forth). The State further clarified each incident allegedly occurred between March 1 and June 27, 2012. Finally, the State informed the Defendant that it lacked any additional information and is therefore unable to provide greater specificity.

The Defendant filed the instant Motions to Dismiss on March 29, 2016, with the State filing its response on April 7, 2016. A hearing was held on April 21, 2016. At the hearing, this Court partially dismissed Count I.[3] The State conceded that Count II of the Information was defective. Accordingly, this Court dismissed Count II at the hearing. Concerning the lack of specific dates and the use of hypnotherapy, the State responded that the alleged victim suffered

---

[2] Counts II through IX alleged that the sexual contact occurred "knowing that the contact was either offensive to the victim or occurred without the victim's consent."

[3] Specifically, this Court found that the State has failed to allege sufficient facts that could give rise to any conduct described in 11 Del.C. § 763(2). Therefore, the State is limited to its argument that the alleged statement constituted a threat.

3

severe trauma from the Defendant's alleged actions, and that a prior history of abuse as a child left the alleged victim with a number of coping mechanisms for subsequent trauma. The State also emphasized that, while the alleged victim had visited a hypnotherapist many years ago, she had not done so with respect to the offenses alleged in the case at bar. At the hearing, this Court instructed the State to determine whether it would be legal and appropriate to determine the name of the hypnotherapist visited by the alleged victim, whether the hypnotherapist is still practicing, and, if so, when the alleged victim last visited the hypnotherapist. If neither the State nor the Defendant could determine any legal proscription against making such determinations, then the State was obligated to make reasonable efforts to obtain that information.

On May 2, 2016, the State provided this Court with an explanation of its efforts to comply with the Court's order. Specifically, the State identified the name of the hypnotherapist, the hypnotherapist's website, and the methods used to attempt to contact the hypnotherapist. The State admitted that it has thus far been unable to make contact. Furthermore, the State confirms that the alleged victim reported that she last met with the hypnotherapist in 2008. The State also candidly admitted that the alleged victim has seen other doctors in the intervening years, but that none of those sessions involved hypnotherapy.

The Court issued an interim order from the bench on April 21, 2016, granting a partial dismissal of Count I, a dismissal of Count II, and denying the Defendant's Motions to Dismiss with respect to Counts IV through IX. However, given the significance of the issues raised, along with the delay necessitated by the alleged victim's unavailability, the Court decided to issue a written opinion and order to discuss the matters raised by the Defendant in detail.[4]

---

[4] The proceedings have been further delayed while one of the alleged victims recuperates from undergoing a medical procedure.

4

## PARTIES' CONTENTIONS

The Defendant argues with respect to Count I that the Information fails to allege that an actual threat was made. Specifically, the Defendant claims that the alleged statement – "I am fully capable of touching your breasts" – is not any manner of threat, let alone one that is likely to result in any subsequent sexual offenses. The Defendant argues multiple grounds for dismissing Counts IV through IX. First, the Defendant argues that the State must specify a precise date for each offense, rather than a span of 122 days. It is the Defendant's position that the State must provide a "justification of why an adult female is unable to place each of the six alleged events on a specific date." Second, the Defendant argues that the State cannot charge in the disjunctive. Instead, the Defendant believes that the State must choose between arguing that the Defendant knew the contact was offensive or that the contact occurred without the alleged victim's consent. Third, the Defendant argues that the State cannot initiate prosecution based upon repressed memory that was subsequently recovered through psychotherapy, pursuant to Title 11, Section 205(b)(2) and (e) of the Delaware Code, after the applicable statute of limitations would otherwise have run.

The State argues with respect to Count I the act of touching another's breasts without that person's consent would constitute criminal conduct and, therefore, it belongs to the finder of fact to determine whether the precise statement offered constituted a threat of such action. The State likewise responded in depth to the various arguments concerning Counts IV through IX. First, the State argues there is no requirement to provide a precise date of the alleged offense. The State further contends, while no justification is necessary for the lack of specific dates, it has provided the Defendant with all of the information in the State's possession concerning the dates, locations, and precise conduct of the alleged incidents. Second, the State argues the State has a

5

recognized interest in the ability to consider alternative versions of the facts before committing to one or the other. Third and finally, the State argues, while the alleged victim had previously used hypnotherapy to recover repressed memories, the facts underlying the case at bar were not recovered through such a manner. In addition, the State argues, even if the alleged victim's memories had been recovered through psychotherapy, there is some independent evidence of the *corpus delicti* of the alleged events.

## DISCUSSION

Under Court of Common Pleas Criminal Rule 12(b), a defendant may raise objections to the offenses charged; including the argument the information fails to allege conduct that, if proven, would constitute the charged offense. The Defendant first argues Count I of the Information, alleging the crime of Sexual Harassment, fails to allege any criminal conduct. Following a Motion for a Bill of Particulars, the Defendant learned the alleged statement constituting the alleged threat was as follows: "I am fully capable of touching your breasts." The Defendant claims that this is not a threat of any sort, let alone a threat of criminal conduct.

An individual may be found guilty of Sexual Harassment when "[t]he person threatens to engage in conduct likely to result in the commission of a sexual offense against any person[.]"[5] Sexual offenses include the unwanted touching of the breasts of another.[6] It is properly within the domain of the finder of fact to determine credibility, circumstance, context, and all other such relevant factors in deciding whether the alleged statement constitutes a threat. This Court is satisfied that the unwanted touching of another's breasts constitutes the requisite criminal conduct specified by the Sexual Harassment statute. Whether the alleged statement constitutes a

---

[5] 11 Del.C. § 763.
[6] 11 Del.C. § 761(f) and 767.

6

true threat of such conduct properly belongs to the finder of fact and is not ripe for further determination at this stage of the proceedings.

Turning to Counts IV through IX of the Information, this Court will examine each of the Defendant's arguments in turn.

## A. The Lack of Precise Dates for Each Offense

The purpose of an information is "to put the accused on full notice of what he is called upon to defend, and to effectively preclude subsequent prosecution for the same offense."[7] Under Delaware law, "the date alleged in an indictment is immaterial, where the date is not an essential element of the crime, if it is proven to the satisfaction of the trier of fact that the offense was committed within the period of limitation prior to the finding [sic] of the indictment."[8]

There is a wealth of guidance on this matter available in jurisdictions throughout the nation. In Pennsylvania, there is a codified rule of criminal procedure allowing an information or indictment to contain "an allegation that [a crime] was committed on or about any date within the period fixed by the statute of limitations," provided that the precise date was not known.[9] This provision enjoys a persuasive rationale, as it would not "serve the ends of justice to permit a person to rape and otherwise sexually abuse his child with impunity simply because the child has failed to record in a daily diary the unfortunate details of her childhood."[10] Moreover, Pennsylvania's Rule 560 has been explicitly brought to the attention of Delaware courts, with the

---

[7] *Luttrell v. State*, 97 A.3d 70, 76 (Del. 2014) (citing *Malloy v. State*, 462 A.2d 1088, 1092 (Del. 1983).

[8] *State v. Moore*, 1998 WL 283449, at *1 (Del. Super. Jan. 14, 1998).

[9] Pa. R. Crim. P. Rule 560.

[10] *Commonwealth v. Niemetz*, 422 A.2d 1369, 1373 (Pa. Super. Ct. 1980). While this case, and many others, focus primarily on child victims, this Court finds the rationale to apply equally to anyone who is unable or unlikely to recall precise dates of abuse.

7

Superior Court finding a range of dates is permissible when the indictment draws upon the language of the statute and the precise date is not a necessary element of the charged offense.[11]

In New York, a court must determine whether the State's failure to provide the dates with greater specificity is "the result of an intentional nondisclosure (in which case the indictment should be dismissed) or whether the [State has] exercised good faith diligent investigatory efforts."[12] Relatedly, several states consider the precise date of the alleged offense to be essential when the defendant intends to raise an alibi defense.[13] Other jurisdictions have ruled more generally, holding that "an accused's conviction may be affirmed if it appears the defense of the accused was not hampered by the lack of specificity of the indictment."[14]

Turning to the precise issue in the case at bar, the Defendant contends that a span of 122 days is impermissibly broad. Again, this Court looks to other decisions within and outside of Delaware for guidance. In *State v. Miller*, the Superior Court examined an indictment that alleged sexual abuses between the dates of September 30, 1980 and September 30, 1984, a period of four (4) years. The Court found, because the indictment had tracked the language of the applicable statute, and because time was not an element of the offense, this period was permissible.[15] The Superior Court also noted and discussed a case from Maryland wherein the Maryland "Court concluded that to establish a rule allowing a criminal defendant to demand such specificity to raise an alibi defense would thwart justice" and was not constitutionally required.[16]

---

[11] *See State v. Miller*, 1988 WL 7625, at *2 (Del. Super. Jan. 25, 1988).

[12] *People v. Watt*, 192 A.D.2d 65, 68 (N.Y. App. Div. 1993).

[13] *See State v. Birt*, 5 N.E.3d 1000, 1008 (Oh. Ct. App. 2013); *State v. Olga*, 138 P.3d 417, 2006 WL 2043003, at *3 (Ks. Ct. App. 2006) (table); *State v. Bundy*, 684 P.2d 58, 61-62 (Utah 1984)

[14] *State v. Gibson*, 973 S.W.2d 231, 241 (Tenn. Crim. App. 1997); *State v. Muhm*, 775 N.W.2d 508, 516 (N.D. 2009); *People v. Jones*, 792 P.2d 643, 653 (Cal. 1990); *State v. Alicea*, 2002 WL 31813090, at *4 (Oh. Ct. App. Dec. 11, 2002).

[15] *See Miller, supra*, at *3. It is worth noting that the defendant in *Miller* had argued that the broad range of dates prevented him from raising an alibi defense. *See id.* at *2.

[16] *Id.*, citing and summarizing *Bonds v. State*, 442 A.2d 572, 575 (Md. Ct. Spec. App. 1982).

8

In *State v. Goldsborough*, the Superior Court examined an indictment alleging several instances of unlawful sexual intercourse or contact occurred between January 1 and August 2, 1999.[17] The Court held nothing in the record indicated a need for greater specificity regarding the dates of the offenses.[18] In *State v. Moore*, the span of dates for the alleged offenses was April 15 to June 10, 1997.[19] The Superior Court found this range did not prejudice the defendant or hinder his ability to prepare for trial.[20] In *Commonwealth v. Niemitz*, a Pennsylvania court validated an indictment that alleged various offenses as having been committed between 1972 and 1977, because "the facts of the instant case preclude a definitive enumeration of events and because the record belies any assertion that the Commonwealth sought to abuse the flexibility of [Rule 560]."[21] These facts are similar to countless other cases throughout the country.[22]

The precise guidance prescribed under Delaware jurisprudence appears to require little more than a finding that the language of the information follows the language of the statute and time is not of the essence. Concerning the language of the information, the allegations use language and elements taken directly from the statute covering Unlawful Sexual Contact in the Third Degree. There is no requirement within that statute to provide a precise date, nor is the offense dependent upon the age of the alleged victim.[23] On the matter of time, the statute of

---

[17] *See State v. Goldsborough*, 2000 WL 706790, at *1 (Del. Super. Feb. 10, 2000).
[18] *See id.*, at *3.
[19] *See Moore, supra*, at *1.
[20] *See id.*
[21] *Niemitz, supra*, at 1373.
[22] *See generally Commonwealth v. McClucas*, 516 A.2d 68, 70-71 (Pa. Super. Ct. 1986) (upholding a span of fourteen months because, "Inasmuch as the crimes, in toto, occurred over a period of time, we are not prepared to say that the lack of chronological specificity seriously encroached upon appellant's ability to defend himself."); *Commonwealth v. Luktish*, 680 A.2d 877, 880 (Pa. Super. Ct. 1996) (upholding a conviction for an offense that occurred during the spring of 1990); *State v. Alicea*, 2002 WL 31813090, at *4 (Oh. Ct. App. Dec. 11, 2002) (upholding an indictment that alleged the offenses occurred between January 1, 1996 and April 30, 1997).
[23] "A person is guilty of unlawful sexual contact in the third degree when the person has sexual contact with another person or causes the victim to have sexual contact with the person or a third person and the person knows that the contact is either offensive to the victim or occurs without the victim's consent." 11 Del.C. § 767.

limitations is not applicable and, therefore, time is not of the essence.[24] Accordingly, this Court finds that the factors referenced in *Miller, supra,* have been satisfied. However, in an abundance of caution, this Court will take guidance from the plethora of case law on this matter that exists outside of Delaware, as well as the implications of the various findings made by the Superior Court in similar cases, and will examine the apparent ability of the State to provide greater specificity and whether the Defendant is impaired in his ability to raise a defense.

Concerning the ability of the State to provide greater specificity, this Court is conscious of the fact the majority of the case law appears to focus upon child victims. While tender age might compound problems of determining specific dates, it is not the only relevant factor. The State has noted, and the Defendant has not disputed, that the State has provided ample discovery. Indeed, the State has provided the Defendant with police reports where the alleged victim described her inability to remember precise dates, her prior history of abuse, her coping mechanism of "blocking out" bad memories, and "tun[ing] out" the world to escape abuse.[25] This Court is not in a position at this stage of the proceedings to determine whether or not the alleged victim's memory is in fact reliable with respect to the dates of the alleged offenses. The Court has at least twice encouraged the State to provide as much information as possible and has delayed these proceedings to allow the Defendant to receive as much information as possible. This Court is satisfied the State has acted diligently in its attempts to provide as much specificity as possible. The State cannot produce what it does not possess, and it should not be penalized for making good faith efforts to provide requested information. Accordingly, this Court finds the State is not at fault with respect to any potential deficiencies of the information and does not, as the Defendant suggests, need to provide any greater explanation for the lack of specificity.

---

[24] *See* 11 Del.C. § 205(e).
[25] *See* Detective Terranova's supplemental report, p. 3.

10

Absent a finding of fault against the State, the Defendant's last bastion is to demonstrate an impaired ability to raise a meaningful defense. On this matter, the Defendant has provided only general and conclusory allegations that he cannot properly prepare a defense. The Defendant has likewise failed to point to any specific difficulty he believes he will face in preparing for trial. This Court is unwilling to grant the drastic relief of dismissing an information without some particularized demonstration of how the Defendant may be impaired by the lack of specificity on this matter.

Therefore, because the information properly alleges the material facts of the crime of Unlawful Sexual Intercourse in the Third Degree, with time not being of the essence, the State not being at fault, and the Defendant not being prejudiced in his ability to raise a defense, this Court finds the range of dates provided in the information to be adequate.

### B. Charging in the Disjunctive

Next, the Defendant alleges the State must elect between one or another aspect of proving Unlawful Sexual Contact in the Third Degree. The Defendant claims the State cannot charge the Defendant with knowing that the alleged sexual contact was offensive or that it occurred without the alleged victim's consent.

Both the Delaware and the United States Supreme Courts have long held charging in the disjunctive is permissible. In analyzing the history of such charging decisions, the Delaware Supreme Court noted "It was a historical practice and continues to remain a common practice to list in one count of an indictment alternative means with respect to an element of a crime."[26] Furthermore, neither the information nor the bill of particulars serves to force the State to adopt one or another method of proving its case; the State may go about proving the elements of the

---

[26] *Richardson v. State*, 673 A.2d 144 (Del. 1996). *See also Griffin v. United States*, 502 U.S. 46 (1991) (discussing historical practice and appropriateness of charging in the disjunctive).

alleged offense as it sees fit, provided adequate notice has been given.[27] This Court finds the information sufficiently apprises the Defendant of what the State may prove in demonstrating its case. Therefore, the mere fact of charging in the disjunctive is not fatal.

### C. The Use of Psychotherapy/Hypnotherapy

Lastly, the Defendant claims Counts IV-IX must be dismissed because the prosecution is based upon memories recovered via psychotherapy and because there is no independent evidence corroborating those memories. In Delaware, "[n]o prosecution under this subsection shall be based upon the memory of the victim that has been recovered through psychotherapy unless there is some evidence of the *corpus delicti* independent of such repressed memory."[28]

This Court is unaware of any binding precedent that defines the application of this provision in practice. According to the State, the alleged victim maintains she has not availed herself of psychotherapy[29] to recover memories in this case. Moreover, the State avers it has made diligent efforts to corroborate the alleged victim's claims.[30] Accordingly, it appears the statute has been satisfied; however, the language of the statute uses the term "psychotherapy," rather than "hypnotherapy" – suggesting that hypnosis is not the sole issue the legislature intended to address by requiring corroborating evidence apart from the repressed memories. According to the police report authored by Detective Nicholas Terranova, as provided by the Defendant as an attachment to the motion *sub judice*, the alleged victim had maintained a journal

---

[27] *See State v. Goldsborough, supra,* at *2.

[28] 11 Del. C. § 205(e). While sexual offenses are not subject to the otherwise applicable statutes of limitation, the Delaware legislature has explicitly prohibited the State from charging beyond the statute of limitations when the information is recovered via psychotherapy and lacks corroboration.

[29] The State repeatedly made references to the alleged victim undergoing "hypnotherapy" in the past and has acknowledged the alleged victim has "met with multiple other doctors throughout the years." The State avers these meetings have been routine and did not involve any manner of hypnotherapy.

[30] The Court acknowledges the difficulty in establishing the negative in this instance. Short of contacting every treatment provider, the State cannot reasonably be expected to establish the alleged victim has not contacted such a provider.

12

throughout her experiences with the Defendant.[31]  While neither party has attached copies of the journal to any motions or responses, the Court is satisfied that there exists some independent evidence of the *corpus delicti*, as required by Section 205(e).  This Court is unwilling to make any further determinations based upon the scant record that exists at this time.  Therefore, given the minimal standards required by Section 205(e), this Court finds the statute of limitations is not applicable and, therefore, the prosecution is timely.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** this 26th day of September, 2016, that Defendant's Motions to Dismiss is **DENIED.**  The matter will be scheduled for trial.

The Honorable Carl C. Danberg
Judge

cc:     Annie Wigfall, Domestic Violence Case Processor

---

[31] *See* Detective Terranova's supplemental report, p. 3.