J-S07012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HOWARD CHARLES JOHNSON, JR. | : | |
| | : | |
| Appellant | : | No. 1435 MDA 2018 |

Appeal from the PCRA Order Entered August 15, 2018
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000079-2016

BEFORE: OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY OLSON, J.:                     **FILED MARCH 13, 2019**

Appellant, Howard Charles Johnson, Jr., appeals *pro se* from the August 15, 2018 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

As our resolution of this appeal is based on the procedural posture of this case, we decline to set forth the factual background. On February 24, 2016, the Commonwealth charged Appellant via criminal information with five drug-related offenses. On October 7, 2016, Appellant filed a motion to dismiss and a suppression motion claiming that the prosecution violated a non-prosecution agreement that he entered into with police. On December 12, 2016, the trial court denied the motions. On January 19, 2017, Appellant filed a second suppression motion. That motion was denied on January 23, 2017. On April 13, 2017, Appellant pled guilty to possession with intent to deliver a

_____

* Retired Senior Judge assigned to the Superior Court.

controlled substance.[1]  The trial court immediately sentenced him to 18 to 36 months' imprisonment.  Appellant did not file a direct appeal.

On October 6, 2017, Appellant filed a *pro se* PCRA petition.  Thereafter, court-appointed counsel filed a motion to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  After receiving the **Turner/Finley** filing, the PCRA court issued notice of intent to dismiss the petition without an evidentiary hearing.  **See** Pa.R.Crim.P. 907. Appellant filed a response to the **Turner/Finley** letter and the Rule 907 notice.  He also filed a supplement to his PCRA petition without leave of court. On August 14, 2018, the PCRA court granted counsel's motion to withdraw. The next day, the PCRA court dismissed the petition. This timely appeal followed.[2]

Appellant presents two issues for our review:

1. [Did the Commonwealth breach a non-prosecution agreement that it entered into with Appellant?

2. Was plea counsel ineffective for failing to seek suppression of Appellant's statements, failing to raise an illegal sentencing claim, and failing to raise a discretionary aspects of sentencing claim?]

---

[1] 35 P.S. § 780-113(a)(30).

[2] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal.  **See** Pa.R.A.P. 1925(b).  Nonetheless, Appellant filed a concise statement of errors complained of on appeal.

Appellant's Brief at 5.

"In PCRA proceedings, this Court's scope of review is limited by the PCRA's parameters. Since most PCRA appeals involve mixed questions of fact and law, the standard of review we apply is whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Brown*, 161 A.3d 960, 964 (Pa. Super. 2017), *appeal denied*, 176 A.3d 850 (Pa. 2017) (citation omitted). In his first issue, Appellant argues that he entered into a non-prosecution agreement with police. He contends that the Commonwealth violated this non-prosecution agreement by bringing the charges in the instant case.

Appellant raised this exact same issue in his motion to dismiss. *See* Appellant's Motion to Dismiss, 10/7/16, at 1; *see generally* Appellant's Brief in Support of Motion to Dismiss, 10/7/16. Appellant did not file a direct appeal of his judgment of sentence challenging this decision. Hence, Appellant is not eligible for relief on this claim of error. *See* 42 Pa.C.S.A. § 9543(a)(3); *Commonwealth v. Williams*, 196 A.3d 1021, 1027 (Pa. 2018) (citation omitted).

In his second issue, Appellant argues that plea counsel was ineffective for failing to seek suppression of his statements to police, failing to raise an illegal sentencing claim, and failing to raise a discretionary aspects of sentencing claim. "[T]he Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution, [entitle a

defendant] to effective counsel. This right is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." ***Commonwealth v. Simpson***, 112 A.3d 1194, 1197 (Pa. 2015) (cleaned up). "A criminal defendant has the right to effective counsel during a plea process as well as during a trial." ***Commonwealth v. Robinson***, 185 A.3d 1055, 1063 (Pa. Super. 2018), *appeal denied*, 192 A.3d 1105 (Pa. 2018) (citation omitted). However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as the basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Id.*** Moreover, "[c]ounsel is presumed to have been effective." ***Commonwealth v. Andrews***, 158 A.3d 1260, 1263 (Pa. Super. 2017). To prevail on an ineffective assistance of counsel claim, a petitioner must plead and prove that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Johnson***, 179 A.3d 1153, 1158 (Pa. Super. 2018) (citation omitted). "A petitioner's failure to satisfy any prong of this test is fatal to the claim." ***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citation omitted).

Appellant argues that plea counsel was ineffective for failing to have certain evidence suppressed. This argument is without merit. Plea counsel filed two suppression motions relating to the evidence Appellant contends should have been suppressed. **See** Motion to Suppress, 1/19/17, at 1; Motion to Suppress, 10/7/16, at 1. Plea counsel cannot be deemed ineffective for being unsuccessful on these suppression motions. **See Commonwealth v. McClucas**, 516 A.2d 68, 69 (Pa. Super. 1986).

Appellant also contends that plea counsel was ineffective for failing to challenge the legality and discretionary aspects of his sentence. Appellant did not raise these claims in his PCRA petition or in his response to the **Turner/Finley** letter and Rule 907 notice. Accordingly, these arguments are waived. **See** Pa.R.A.P. 302(a); **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011), *appeal denied*, 30 A.3d 487 (Pa. 2011).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2019