NIMROD DAVIS, JR. AND RONALD PETERSON
*v.* STATE OF MARYLAND

[No. 102, Initial Term, 1967.]

582

*Decided August 3, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and TRAVERS, J., Associate Judge of the First Judicial Circuit, specially assigned.

*Milton B. Allen,* with whom was *Harry A. Cole* on the brief, for appellant Davis; and *Samuel S. Field, III,* with whom was *Richard K. Jacobsen* on the brief, for appellant Peterson.

*Fred Oken, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *A. Samuel Peregoff, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The Appellants, Nimrod Davis, Jr. and Ronald Peterson, along with a third co-defendant, Willie C. Robinson, who is not involved in this appeal, were convicted of robbery by a jury in the Criminal Court of Baltimore and each was sentenced by Judge J. Gilbert Prendergast to serve not more than five years in the Maryland Correctional Institution.

Adelaide Dickens, a 54 year old domestic worker, testified that shortly after midnight on June 20, 1965, as she was leaving a restaurant, two youths attacked her, dragged her into an alley, slammed her against a wall and finally knocked her down. They then took her pocket book containing eighty-five dollars in cash. She was unable to identify her assailants.

Davis was arrested on June 22, 1965, as a result of information given to the police by two juveniles apprehended in a stolen car. He signed a statement admitting his participation in the robbery several hours after his interrogation by the police officers began. Peterson was arrested on June 23, 1965, after Davis had involved him in the robbery. He signed an inculpatory statement on June 25, 1965.

In this appeal, Davis contends that the lower court erred in refusing to grant his motion to sequester his co-defendants, Peterson and Robinson. Maryland Rule 775 provides that "the accused shall be present * * * at every stage of the trial * * * except as provided in this Rule." Since none of the exceptions provided for in the Rule were applicable, the Court properly refused to sequester Davis' co-defendants. Article 21 of the Declaration of Rights compels the same result.

Peterson contends that the lower court erred in refusing his motion for a severance. The granting of a severance is within the sound discretion of the lower court and its action will not be disturbed on appeal in the absence of a showing that the discretion was abused. *Day v. State,* 196 Md. 384; *Taylor v. State,* 187 Md. 306; Maryland Rule 735.

In *Day, supra,* the Court found that the defenses of the co-defendants, there involved, were hostile and damaging to each other and, accordingly held that a severance should have been granted. These elements are not present in this case since neither Appellant took the stand nor presented any evidence at the conclusion of the State's case.

We have carefully considered Peterson's arguments and we have reviewed the record. We find no evidence of an abuse of discretion by the lower court in denying a severance.

Both Appellants contend that the lower court erred in admitting their respective inculpatory statements into evidence. Davis took the stand solely for the purpose of contesting the voluntariness of a written statement which the police testified was signed by him on June 22, 1965, without the use of threats, promises or inducements. Davis admitted signing a statement but asserted that he never read it and he thought it was signed on June 24, 1965; that prior to signing it he had been threatened by the interrogating officers with a sentence of forty to fifty years and that he only signed the statement after one of the officers promised him two year's probation. Davis' co-defendants took the stand on his behalf and testified that they heard the police promise Davis probation if he would cooperate. The foregoing testimony was specifically denied by the police officers called in rebuttal.

Peterson gave on oral inculpatory statement. According to the police he was arrested on June 23, 1965, and early in the morning of June 25, sent a message from his cell that he desired to make a statement because "everybody else is ratting out, I might as well tell you my story too." After the police had testified that the statement was given voluntarily without force, promises or threats, Peterson took the stand solely to deny the voluntariness of the statement. He testified that he was placed in a bug infested cell; that he was later questioned by police

in the presence of several co-defendants; that when he refused to sign a statement he was physically assaulted by one of the officers and told that they were going to throw the book at him if he did not sign it. His testimony was corroborated by his co-defendants but was denied by the police in their rebuttal testimony.

Prior to admitting the statements, testimony as to their voluntariness was first given before the trial judge out of the presence of the jury and subsequently repeated in the presence of the jury.

The admissibility of a confession is, preliminarily, a matter for the trial judge. Conflicts in testimony as to how the confession was obtained are to be resolved in the first instance by the trial judge and if, after finally and independently resolving the issue of voluntariness against the accused, the trial judge admits the confession, the matter of voluntariness is finally determined by the jury. *Jackson v. Denno,* 378 U. S. 368; *Sims v. Georgia,* 385 U. S. 538; See "Jackson v. Denno—Revisited," by Justice William A. Grimes, Vol. 6, No. 3, Trial Judges Journal; *Smith v. State,* 237 Md. 573; *Hall v. State,* 223 Md. 158, 169-170. The procedure followed in the lower court was proper and we find from the record no basis for disturbing the conclusion of the trial judge or the jury.

Davis finally contends that the lower court improperly restricted his cross-examination of a State's witness. The record shows that the trial judge limited the questions on cross-examination to the subject matter covered in the witness's direct testimony. Ordinarily, the scope of cross-examination is a matter within the sound discretion of the trial judge and we cannot say that in this instance the restriction imposed was unsound or prejudicial to Davis. *Shupe v. State,* 238 Md. 307; *Williams v. Graff,* 194 Md. 516.

Peterson finally contends that there was no legally sufficient evidence to sustain the jury's finding of his guilt. This contention is not sustained by the record. Peterson admitted that he was present in the car with his co-defendants; that upon seeing the prosecuting witness one of them said "let's get her"; that two of the occupants went after her while he and the others remained in the car; that upon returning with a pocket book

586

they all went to the home of a girl friend and divided the money found in the pocket book; and then proceeded to ride around again. This admission, together with proof of the *corpus delicti*, was legally sufficient evidence from which the jury could find, beyond a reasonable doubt, that Peterson participated as a principal in the robbery. *Holland v. State*, 244 Md. 671; *Bradbury v. State*, 233 Md. 421, 425; *Whitmer v. State*, 1 Md. App. 127.

*Judgment affirmed.*