CHARLES TUCKER *v.* STATE OF MARYLAND

[No. 313, September Term, 1967.]

*Decided August 19, 1968.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Stanley S. Cohen,* with whom was *Andrew J. Burns* on the brief, for appellant.

*Edward F. Borgerding, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William E. Brannan, Assistant Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *I. Elliott Goldberg, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

On September 25, 1967, the appellant, Charles Tucker, was tried by a jury in the Criminal Court of Baltimore, Judge Edwin J. Wolf presiding, and convicted of the crimes of robbery with a dangerous and deadly weapon and assault and battery. Appellant was sentenced to ten years imprisonment on each conviction, to run concurrently.

The appellant raises two contentions on appeal:

1. That the trial court erred in permitting the State to amend Indictments Nos. 3737 and 3738.

2. That the trial court erred in its rulings during the cross-examination of the prosecuting witness.

The evidence adduced at the trial revealed that on the evening of July 22, 1966 the prosecuting witness, Thelma Tynes, reported to work at Booz's Tavern, 2259 Reisterstown Road, Baltimore, Maryland. When she arrived, the cash register contained $100.00. Her testimony established that the appellant arrived at approximately 5:30 p.m. and stated, "This is a hold-up", and subsequent thereto struck a customer, Virgil Wright, on his head with a gun. She further testified that the appellant ordered her to put the cash register money into a bag, which she did. Mrs. Tynes gave the police a description of the appellant and identified him as Charles Tucker.

The cross-examination revealed that Mrs. Tynes never viewed a lineup; however, she recognized the appellant at the preliminary hearing, but failed to say anything as she didn't want to be involved in the case.

The State's witness, Virgil Wright, testified that he was in the tavern when the hold-up man drew his weapon, struck him on the head, and instructed him to shut up.

The thrust of the appellant's first contention is that the trial court, by permitting the State to amend the time element in the two instant indictments, changing an alleged "typographical error" from July 22, 1967 to read July 22, 1966, denied the appellant both the opportunity to defend and notice of what he was called upon to defend.

Maryland Rule 714 states:

> "The court may permit an indictment or information to be amended at any time before verdict as to matter of form, but not as to matter of substance."

Therefore, we are confronted with reaching the determination as to whether the instant amendment constitutes a change of form or substance.

In *Corbin v. State*, 237 Md. 486, 206 A. 2d 809, 811 (1967), the Court of Appeals directed its attention to the distinction between form and substance, stating at page 489:

> "As to what constitutes substance and what is merely formal in an indictment, it may be said that

all facts which must be proved to make the act complained of a crime are matters of substance, and that all else—including the order of arrangement and precise words, unless they alone will convey the proper meaning—is formal."

We find that the change of date in the instant case constitutes a matter of form and not substance. The indictment was filed on August 2, 1967, and it is obvious that the date of the offense as set forth in the indictment was a typographical error. Trial counsel moved for a dismissal and, upon its denial, apparently regarded the matter as sufficiently non-prejudicial as not to move for a continuance. It is well established that the State is not confined in its proof to the date alleged in the indictment. *West v. State,* 3 Md. App. 123, 127, 238 A. 2d 292, 294 (1968).

The appellant's second contention is devoid of merit. The appellant urges that the prosecuting witness, Thelma Tynes, should have been permitted to explain why she had failed to identify the appellant at the preliminary hearing, and that the court's refusal to allow such explanation was prejudicial to the appellant.

The record discloses that the witness made a positive in court identification of the appellant as the perpetrator of the crime charged. Mrs. Tynes' testimony set forth that she had known the appellant for years and did not want to be involved in the matter. Apparently she did recognize the appellant at the preliminary hearing, but her reluctance to become involved motivated her silence. The initial failure to render an identification out of court goes to the weight of the evidence and not to its admissibility and remains a matter for the determination of the trial court. See *Carroll v. State,* 3 Md. App. 50, 53, 237 A. 2d 535, 537 (1968). Furthermore, the scope of the cross-examination is a matter within the sound discretion of the trial judge. See *Davis and Peterson v. State,* 1 Md. App. 581, 585, 232 A. 2d 535, 537 (1967). Here, the record revealed the witness was reluctant to become involved and thus supplied a feasible rationale for her silence at the preliminary hearing. We find no abuse of discretion.

*Judgments affirmed.*