# RODNEY BONDS v. STATE OF MARYLAND

[No. 686, September Term, 1981.]

*Decided March 3, 1982.*

The cause was argued before LISS, ▌COUCH and BISHOP, JJ.

*Michael R. Braudes, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Stephen Rosenbaum, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Edwin O. Wenck, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

COUCH, J., delivered the opinion of the Court.

Rodney Bonds, the appellant, was convicted, in a bench trial in the Criminal Court of Baltimore City, of second and third degree sexual offenses and unnatural and perverted practices against an 11 year old female victim. On appeal he presents the following questions:

1. Was appellant denied a fair opportunity to defend against the charges?

2. Was the evidence sufficient to support the conviction?

3. Did the trial court err in admitting into evidence four issues of Penthouse magazine?

4. Did the trial court err in ruling that [the victim] was competent to testify?

The acts upon which the indictment was based were alleged to have occurred continually during the period July

1, 1979 through March 10, 1980 at Bonds' home during weekday evenings and weekends. Thereafter, Bonds moved the court to order the State to furnish him with a bill of particulars, pursuant to Md. Rule 730, specifying the dates and times of the alleged acts. The court did so. However, the State's bill of particulars merely named three dates that "[stood] out in the complainant's memory as dates she visited the Defendant." The State's position was that it was unable to specify other dates because it did not have such information.

At trial the prosecutrix testified that the acts occurred continually from July, 1979 to March, 1980. However, the State produced no evidence that the acts occurred on any particular day except for the testimony of the prosecutrix that the last act occurred on Saturday, March 1, 1980. Her testimony was that she had been dropping hints to her mother about Bonds' alleged activities, "but she never really picked them up." On Sunday, March 2, 1980, she asked her mother "how you have babies and stuff" and her mother testified that she "told her about the sperm and the egg, and whatever." Then on Monday, March 3, she asked her mother, "Do I have to tell you everything that ever happens ....?" As a result of this conversation, the prosecutrix first made the allegations that Bonds engaged in the acts for which he was charged. The prosecutrix's mother then asked when was the last time such an act occurred. The prosecutrix answered that such occurred the preceding Saturday.

In defending against these charges, Bonds denied that such acts ever took place and attempted to prove his whereabouts on the three days the State specified in its answer to his bill of particulars. On the specific date that the prosecutrix testified that such acts took place, around dinnertime on March 1, 1980, Bonds testified that he was in Hagerstown for most of the day, then returned home around 4 p.m. Both he and his wife testified that they were at home alone after that time. Bonds attempted to prove his

whereabouts for the other two days specified by the State but could not be so specific as he was about the March 1 date.

## I

*Was the appellant denied a fair opportunity to defend?*

The appellant argues that he was denied a fair opportunity to defend the charges against him. He bases this contention on the principle that an accused has the constitutional right to be informed of the accusation against him to prepare his defense. The law in this area is clear. Article 21 of the Declaration of Rights states, "That in all criminal prosecutions, every man hath a right to be informed of the accusation against him; to have a copy of the Indictment, or charge, in due time (if required) to prepare for his defence . . . ." In *State v. Canova,* 278 Md. 483, 498-99, 365 A.2d 988, 997-98 (1976), the Court of Appeals stated:

> "It was early noted by this Court that ' [c]ertainty to a reasonable extent, is an essential attribute of all pleadings, both civil and criminal, but is more especially necessary in the latter, where conviction is followed by penal consequences.' . . . In *State v. Lassotovitch,* 162 Md. 147, 156, 159 A. 362, 366 (1932), we explained:

>> 'Every charge or accusation, whether at common law or under statute, must include at least two elements: First, the characterization of the crime; and second, such description of the particular act alleged to have been committed by the accused as will enable him to properly defend against the accusation. In statutory crimes, where the statute includes the elements necessary to constitute a crime, the first of these requirements is gratified by characterizing the offense in the words of the statute; the second requires such definite and specific allegations as reasonably to put the

accused on notice of the particular act charged, to enable him to prepare a defense and plead the judgment in any subsequent attempted prosecution.'

Even if the charging document employs the statutory words, this does not mean that 'it is unnecessary to allege such facts in connection with the commission of the offense as will certainly put the accused on full notice of what he is called upon to defend, and establish such a record as will effectually bar a subsequent prosecution for that identical offense. . . However, it is clear that an indictment which charges the accused with the act prohibited by the statutory language, and nothing more, would be fatally defective in failing to allege such other facts as would enable the accused to prepare his defense.' *Id.* at 150, 159 A. at 363. The rule regarding the description of the statutory offense in the language of the statute 'has reference simply to the definition and characterization in legal terms of the criminal offense to be alleged in the indictment. It does not affect the requirement that the indictment should sufficiently identify the specific charge intended to be preferred.' *Id.* at 154, 159 A.2d at 365." (Footnote omitted.)

Although a description of the acts for which the appellant was charged does not appear in the indictment, he was made aware of them prior to trial and no objection on this basis was made below, nor does he raise it here. Therefore, this issue is not before us. Md. Rule 1085.

The question before us is simply whether the appellant was sufficiently apprised of the charge against him so that he had a fair chance to defend himself. Neither the indictment nor the bill of particulars limited the accusation to any particular date. There is no Maryland case law which requires, and the applicable statute, Md. Ann. Code art. 27, § 461, *et seq.,* does not require, that in such a case as this the

State must plead and prove that the offense occurred on a specific date at a specific time. We refuse to impose any such requirement.

The only authority appellant cites in support of the proposition that the State must plead and prove the exact time of the alleged sexual offense is *People v. McCullough,* 38 Cal. App.2d 387, 101 P.2d 531 (1940). In that case, the appellate court ordered a new trial because it found that there were uncertainties or inconsistencies in the victim's testimony and it was undisputed that the victim was told what to say by her mother. *Id.* at 389, 101 P.2d at 533. The court also stated that, "Such exactness might not be necessary if the story told by the prosecutrix found corroboration in other facts or circumstances, but such is not the case here." *Id.* In the case at bar, the victim's testimony was neither inconsistent nor was it alleged that she was told what to say by her mother. Her testimony that she had been in the appellant's home alone with him was corroborated by his own testimony. In any event, even assuming, *arguendo,* that *McCullough* held what the appellant argues it held, *but see People v. Stangler,* 18 Cal.2d 688, 692, 117 P.2d 321, 323 (1941); *People v. Ridout,* 154 Cal.App.2d 669, 674, 316 P.2d 396, 400 (1957); *People v. Shultz,* 49 Cal.App.2d 38, 43, 120 P.2d 893, 895 (1942), we do not find it persuasive and our research has not found any other courts that have been persuaded by it either.

We recognize there are many times when it is impossible for the State to determine the exact date and time that any crime was committed. Therefore, sometimes specificity as to the exact time and date of the crime alleged is impossible to establish. To establish a rule that would allow a criminal defendant to demand such specificity by raising an alibi defense would thwart justice and, in our view, is not required by either the Maryland or United States Constitutions. *See* U.S. Const., amend. V and XIV.

Maryland Rule 711a provides, in part, "A charging document shall contain a concise and definite statement of the

essential facts of the offense with which the defendant is charged, and as particularly *as possible,* the time and place the offenses occurred." (Emphasis added.) Thus, the State is required to be as precise "as possible;" if it is impossible to be precise as to the exact date and time, it is not therefore foreclosed from prosecution. To give any other meaning to Rule 711a would render the words "as possible" nugatory. A well-known canon of statutory construction dictates that a statute should be construed so as to not make any of its words meaningless. *Baltimore Building and Construction Trades Council, AFL-CIO v. Barnes,* 290 Md. 9, 15, 427 A.2d 979, 982 (1981).

The defendant who is charged with committing a crime, although the State cannot specify its exact date, is still protected by the requirement that the trier of fact must find him guilty beyond a reasonable doubt. We think that in many cases the trier of fact's determination of whether the defendant is guilty beyond a reasonable doubt will be affected by the witness's inability to specify the exact day and time of the alleged crime and the subsequent inability of the defendant to establish an alibi defense over so long a period of time. However, the inability of the State to be so specific should not be an absolute bar to prosecution. Sufficient protections exist such that this lack of specificity does not violate an accused's constitutional right to be apprised of the charges against him.

The crux of this case was who did the trier of fact believe? In many prosecutions the outcome depends on this determination. Here, the court obviously believed the testimony of the prosecutrix and disbelieved that of the appellant. "Questions of weight and credibility were for the trial judge. We may not set aside his judgment on the evidence unless it was clearly erroneous. Maryland Rule 1086." *Harris v. State,* 27 Md. App. 547, 552, 342 A.2d 305, 309 (1975). Therefore, the appellant was not denied a fair opportunity to defend the charges against him.

## II

### Sufficiency of the evidence

Appellant argues that the evidence adduced at trial was insufficient to convict him of the offenses charged on either of the three dates specified in the bill of particulars. Even assuming, *arguendo,* that such was the case, the appellant's assumption that he could only be convicted for offenses on those three dates is incorrect. As stated above, although the bill of particulars specified three dates, it stated that the acts possibly, but not definitely, occurred on those dates, and that the State was unable to specify other dates that the acts occurred. The prosecutrix's testimony was that the acts first occurred in July, 1979 and were repeated continually until March, 1980.

First, a bill of particulars forms no part of the indictment. *Seidman v. State,* 230 Md. 305, 312, 187 A.2d 109, 113 (1962), *cert. denied,* 374 U.S. 807 (1963). The sufficiency of the indictment must be judged on its own without regard to the bill of particulars. Second, the purpose of a bill of particulars in a criminal case is to "guard against the taking of an accused by surprise by limiting the scope of the *proof."* *Hadder v. State,* 238 Md. 341, 351, 209 A.2d 70, 75 (1965) (citing cases) (emphasis in original). Because the bill of particulars here expressly put the appellant on notice that the three dates specified were possible dates on which the alleged acts occurred and that acts could have occurred at other times, the appellant could not have been surprised that the scope of proof encompassed a period of nine months, as alleged in the indictment. Therefore, the purpose of the bill of particulars was not abused and the evidence adduced at trial was sufficient to convince the trier of fact that such acts took place over that period of time.

## III

### Was there error in admitting into evidence issues of "Penthouse" magazine?

During the course of the trial it was shown that on several

occasions the victim, while visiting appellant's home, looked through issues of Penthouse magazine which were kept on a table in appellant's living room. There was evidence from which the court could have concluded that the appellant looked through the magazines with the prosecutrix. Subsequently, four issues of the magazine, which the victim identified as being issues she had looked at with appellant at his house, were admitted into evidence, over objection. The trial judge, in overruling appellant's objection to their admission, concluded that the magazines had probative value with regard to appellant's state of mind. The appellant bottoms his argument on the ground that the magazines had no relevancy to the issue in the case, *i.e.,* did he or did he not commit the acts with which he was charged? In our view, given the discretion of a trial judge in determining the admissibility of evidence, *see Impala Platinum Ltd. v. Impala Sales, Inc.,* 283 Md. 296, 332-33, 389 A.2d 887, 908 (1978) (expert testimony) and *Smith v. State Roads Commission,* 240 Md. 525, 538, 214 A.2d 792, 799 (1965) (experimental evidence), and given the nature of the charges, we find no abuse of discretion here. The appellant's state of mind may very well be gleaned from the magazines and thus would have probative value for the trier of fact.

## IV

### Competency to testify

Finally the appellant argues that the victim was not competent to testify because the "child's capacity to observe and remember the matter about which testimony is sought," *Brandau v. Webster,* 39 Md. App. 99, 382 A.2d 1103 (1978), was not shown. In *Brandau,* Judge Liss, speaking for the Court, stated in pertinent part:

> "As there is no precise age which determines the question of competency, the court must resort to a determination of the capacity and intelligence of. the child and its appreciation of the difference between truth and falsehood. The competency of a

witness is established when it is determined that the witness has sufficient understanding to comprehend the obligation of an oath and to be capable of giving a correct account of the matters which he has seen or heard relevant to the question at issue. *Weeks v. State,* 126 Md. 223, 94 A. 774 (1915); *Davis v. Corbin, supra* [28 Md. App. 364, 346 A.2d 488 (1975)]." *Id.* at 104, 382 A.2d at 1106.

We have read the record in regard to this issue and while the qualification testimony is slim, we believe the appellant was only interested in having the child examined as to the nature of an oath. The following colloquy took place between the trial judge and counsel:

"MR. WHITE [Appellant's counsel]: Excuse me, before we get to that, Your Honor, I wonder if we could qualify the witness as being competent, as far as age is concerned?

THE COURT: Are you saying about as far as the ability to understand the nature of an oath?

MR. WHITE: That is correct.

THE COURT: Do you want to establish that, Mr. Wenck, that is the witness' ability to understand the nature of an oath.

MR. WENCK [Assistant State's Attorney]: I understand that, Your Honor, but she is 11, and I think there is a presumption that she is able to understand the oath.

THE COURT: Certainly won't hurt to establish that."

The Assistant State's Attorney then questioned the witness as to her ability to appreciate the difference between truth and falsehood.

"MR. WENCK: Is the Court satisfied?

THE COURT: Do you have any questions, Mr. White?

MR. WHITE: I have no questions.

THE COURT: I am satisfied that the witness is competent to testify and does fully understand and appreciates the nature of the oath she has taken."

Thus the issue as now raised is not preserved for our review. Md. Rule 1085.

*Judgment affirmed.*
*Costs to be paid by appellant.*