534 A.2d 1374

**STATE of Maryland**

v.

**James Elwood MULKEY.**

**No. 447, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Jan. 11, 1988.

502

Jillyn K. Schulze, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Alexander Williams, Jr., State's Atty. for Prince George's County and Dorianne Avery, Asst. State's Atty. for Prince George's County, on the brief, Upper Marlboro), for appellant.

Terrence J. McGann (Dugan & McGann, P.A., on the brief), College Park, for appellee.

Argued before WEANT, BLOOM and ROSALYN B. BELL, JJ.

ROSALYN B. BELL, Judge.

James Elwood Mulkey was charged in the Circuit Court for Prince George's County with one count of child abuse and 12 counts of third degree sexual offense. The court granted Mulkey's motion to dismiss the indictment on the ground that the indictment was defective.

The State has appealed, contending that "the trial court erred in dismissing the indictment charging child abuse and third degree sex offenses against two minor children." The State posits that the indictment complies with the Rule governing the content of a charging document. In response, Mulkey alleges the indictment violates Rule 4–202(a) in two aspects:

(1) Count 1 of the indictment does not contain a concise and definite statement of the essential facts of the offense with which he was charged; and

(2) Counts 1 through 13 of the indictment do not contain, with reasonable particularity, the time and place that the offenses occurred.

A 13–count indictment was filed in the Circuit Court for Prince George's County against Mulkey. Count 1 of the indictment charged Mulkey with abuse of a child, James S. That count alleged that the offense was committed "on or about the 1st day of June, nineteen hundred and eighty two, through the 6th day of September, nineteen hundred and eighty two, at Prince George's County...."

Counts 2 through 13 charged Mulkey with having committed third degree sexual offenses. The indictment alleged that counts 2 through 5 occurred on or about June 1, 1982 through September 6, 1982; counts 6 through 9 occurred June 1, 1983 through September 5, 1983; and counts 10 through 13 occurred June 1, 1984 through September 3, 1984.[1] The indictment alleged that all 12 sexual offenses occurred in Prince George's County.

Defense counsel filed a motion to dismiss the indictment and a demand for a bill of particulars. The State filed an answer to the motion to dismiss and an opposition to the demand for a bill of particulars. At the subsequent hearing, the court granted appellee's motion to dismiss the indictment:

"THE COURT: The Court feels that the indictment is a gunshot remedy where they lop in several years and take a season of the year for several years running and put it all into an indictment, and it amounts to no more than a gunshot indictment on the part of the State and it does

---

1. Counts 2, 6 and 10 allege that Mulkey committed a sexual act upon James S. Counts 3, 7 and 11 allege that Mulkey committed a different sexual act upon James S. Counts 4, 8 and 12 allege that Mulkey committed a sexual act upon another victim, Marilyn S. Counts 5, 9 and 13 allege that Mulkey committed a different sexual act upon Marilyn S.

not comply with the Rules and thereby [sic] I dismiss the indictment."

The motion for a bill of particulars was ruled moot.

## CONCISE AND DEFINITE STATEMENT OF THE ESSENTIAL FACTS

 Appellee contends that count 1, which charged him with child abuse, violates Rule 4–202(a) in that it does not "contain a concise and definite statement of the essential facts of the offense with which [appellee was] charged." Rule 4–202(a). The State correctly points out that appellee failed to raise the defect in accordance with Rule 4–252(a)(2) and hence waived any objection to that particular defect.

Rule 4–252(a)(2) requires that an alleged defect in an indictment must be raised by motion within the time prescribed by subsection (b) and if it is not so raised, then the defect is waived. Appellee filed the motion to dismiss the indictment within the prescribed period but the motion alleged only that the indictment failed to contain with reasonable particularity the time and place that the offenses occurred. The motion stated in pertinent part as follows:

"The time frame listed in each and every count of this thirteen count indictment is in violation of Rule 4–202 of the Maryland Rules for Circuit Court Criminal Causes. The rule specifically requires that a charging document 'shall contain ... the essential facts of the offense upon which the defendant is charged and, with reasonable particularity, the time and place the offense occurred.' Nowhere in any of the thirteen counts is there any reference to the time that the alleged offenses took place. Nowhere in the indictment is there any reference to the place where the alleged offenses took place other than the mention of Prince George's County...."

Moreover, even if appellee intended his motion to dismiss to encompass an additional defect—that as to count 1 the indictment failed to contain a concise and definite statement of essential facts as mandated by Rule 4–202(a)—he aban-

doned that claim at the hearing as evidenced by the following dialogue between defense counsel and the court:

· "[Defense Counsel:] Our motion to dismiss the indictment from Rule 4–202, which basically says the indictment shall contain the essential facts of the offense upon which the defendant is charged with reasonable particularity; the time and place the offense occurred. Basically, what you have, you don't have that in this case.

"THE COURT: You are saying just alleging what is a quarter of the year, roughly, is not sufficient particularity.

"[Defense Counsel:] That's correct, Your Honor."

Counsel offered no further specific complaint of the contents of the indictment.

## WITH REASONABLE PARTICULARITY

■ The State argues that the indictment, in compliance with Rule 4–202, alleges with reasonable particularity the time and the place that the offenses occurred. To support the argument, the State cites *Bonds v. State*, 51 Md.App. 102, 442 A.2d 572 (1982), and *West v. State*, 52 Md.App. 624, 451 A.2d 1228 (1984).[2] The State also contends that the lower court erred in not giving any consideration to either the demand for a bill of particulars or the opposition to the demand.

We turn first to the State's contention that the trial court erred in considering only the indictment to determine whether the indictment was defective. We do not concur. "[A] bill of particulars forms no part of an indictment and

---

**2.** In *Bonds* and *West,* this Court construed Md.Rule 711a, the pre–1984 Rule, which contained the requirements of a charging document's contents. Rule 4–202(a) was derived from Md.Rule 711a. The words "and as particularly as possible," found in Md.Rule 711a were deleted when Rule 4–202(a) was adopted. Those words were replaced with "and, with reasonable particularity." Although the language of Md. Rule 711a was modified by the adoption of Rule 4–202(a), the Rule remains essentially the same. *See State v. Smith*, 305 Md. 489, 499, 505 A.2d 511 (1986). Neither appellant nor appellee contends otherwise.

hence cannot make an otherwise defective indictment good." *Seidman v. State,* 230 Md. 305, 312, 187 A.2d 109 (1962), *cert. denied,* 374 U.S. 807, 83 S.Ct. 1696, 10 L.Ed.2d 1031 (1963); *see also Bonds,* 51 Md.App. at 109, 442 A.2d 572. Thus, in this instance, the trial court did not err in determining the sufficiency of the indictment without considering the bill of particulars or the opposition.

### —Place—

■ Appellee contends that the place where the offenses occurred is not stated with reasonable particularity as mandated by Rule 4–202(a). We reject this position.

In *West v. State,* 52 Md.App. 624, 451 A.2d 1228 (1982), appellant was convicted of rape. On appeal he argued that the indictment which charged him with committing the offense failed to contain, with sufficient particularity, the place where the offense occurred. Judge Moylan, speaking for this Court, wrote:

> "*Bonds v. State,* 51 Md.App. 102, 442 A.2d 572, is clear authority that the indictment for rape in this case, specifying Prince George's County as the place ... was as detailed as an indictment need be."

*West,* 52 Md.App. at 639, 451 A.2d 1228. The indictment in the case *sub judice* stated that the offenses were committed in Prince George's County and we hold this meets the requirement of Rule 4–202(a).

### —Time—

Appellee additionally maintains that the indictment does not contain "with reasonable particularity, the time [that] the offense[s] occurred." Rule 4–202(a). Moreover, he states that he was "fatally hampered in preparing for his trial since all he [was] told [was] that the third degree sex offenses took place during an approximate 95 day period back in the years of 1982, 1983 and 1984."

■ Rule 4–202(a) mandates that a charging document shall contain with reasonable particularity the time the offense occurred. Our analysis of whether this indictment

is defective begins by examining why a charging document is required. Article 21 of the Maryland Declaration of Rights ensures "[t]hat in all criminal prosecutions, every man hath a right to be informed of the accusation against him; to have a copy of the indictment, or charge, in due time (if required) to prepare for his defence." One of the purposes which the charging document serves is to provide "notice to the party of the nature of the charge, against which he is to come prepared to defend himself...." *State v. Nutwell*, 1 Gill 54, 56 (1843); *see Ayre v. State*, 291 Md. 155, 163, 433 A.2d 1150 (1981). Thus, Rule 4–202(a), requiring that the time of the offense be described with "reasonable particularity," must at least enable the accused to prepare to defend himself. A charging document which provides less is defective. *Nutwell*, 1 Gill at 56.

■ Appellee points out, and appropriately so, that he is at a loss to begin to reconstruct his whereabouts and activities over a 95–day period for each of the three years which are contained in the indictment before us. The indictment does not state whether the offense occurred on a particular day or days, or whether it occurred during the week or on the weekend. Nor does the indictment allege that the offenses occurred at any particular time of day or night. The indictment merely states that the offenses took place during the summer months of three consecutive years. Because the time alleged is so general, the appellee's right to defend himself against the charges is meaningless. To present an alibi defense, appellee might have to establish that from June 1, 1982 through September 6, 1982; from June 1, 1983 through September 5, 1983; and from June 1, 1984 through September 3, 1984 he continuously had no private contact with one or both children. The alibi would necessarily include that he had no contact in the mornings, afternoons and evenings, on the weekdays and on the weekends. Obviously, if the State knows or could know when the offenses occurred, appellee should be informed or his right to defend himself against the charges is denied. The indictment fails to contain with reasonable particularity

the time that the offenses occurred. Since appellee is unable to prepare a defense against the charges contained in the indictment, and we have no way of knowing why the specific dates were omitted, the lower court correctly dismissed the defective indictment.

■ The State suggests they may not be able to allege the time with more certainty than that which the indictment already contained. As discussed previously, the sufficiency of the indictment is to be determined on the basis of the four corners of the indictment. *Seidman*, 230 Md. at 312, 187 A.2d 109. Hence, we cannot look beyond the indictment itself to determine whether the time contained in the indictment is sufficient.

The indictment in the case *sub judice* is quite different from those at issue in the two cases the State relies on, *Bonds v. State*, 51 Md.App. 102, 442 A.2d 572 (1982), and *Rosenberg v. State*, 54 Md.App. 673, 685, 460 A.2d 617 (1983). In *Rosenberg*, the indictment alleged that offenses occurred during a 16–day period. In *Bonds*, the indictment alleged that the offenses "occurred continuously during the period July 1, 1979 through March 10, 1980 at Bonds' home during weekday evenings and weekends." *Bonds*, 51 Md. App. at 103–04, 442 A.2d 572. The times alleged in those indictments are not comparable. They are more specific than the indictment in the instant case. In this case, the indictment alleges that the offenses occurred during a period of more than 270 days which span three different years. Moreover, the indictment does not specify that the offenses occurred at any particular time of the day or night or on any particular day. *See State v. Grady*, 276 Md. 178, 179 n. 1, 345 A.2d 436 (1975).

Although we hold that the indictment is defective in that the time is not alleged with reasonable particularity, we recognize that there are cases where the State may not be able to be more specific as to when the alleged offenses occurred. For example, an alleged victim of a sexual child abuse crime may not be able to communicate the exact time

or date that the offense occurred. Physical examination of the victim may not disclose with particularity the time of the offense. In addition, when the victim is mentally incompetent, an indictment which is general as to the time of the offense may be as specific as is reasonably possible under the circumstances. Due to the capacity of the victim, there may be circumstances where a general statement of time is all that is available to include in the indictment. In such a case, we do not think that the State's inability to be more specific as to the time the offense occurred should necessarily be an absolute bar to prosecution.

When the State is unable, with reasonable diligence, to determine the specific time that an offense allegedly occurred, the indictment may be sufficient if the State's inability to be more specific is contained within the indictment itself. *Seidman*, 230 Md. at 312, 187 A.2d 109; *Adams v. State*, 202 Md. 455, 459, 97 A.2d 281 (1953), *rev'd on other grounds*, 347 U.S. 179, 74 S.Ct. 442, 98 L.Ed. 608 (1954); *Nutwell*, 1 Gill at 56. In those cases, the indictment failed to state the names of persons who were necessary to make the indictments sufficient. The Court of Appeals stated that, if the name of a person necessary for a complete description of a crime is unknown and that fact is so stated in the indictment, the indictment will be sufficient. *Seidman*, 230 Md. at 312, 187 A.2d 109; *Adams*, 202 Md. at 459, 97 A.2d 281; *Nutwell*, 1 Gill at 56. The rationale behind the general principle of not allowing the indictment to be dismissed as insufficient because a fact is unknown to the State is "to prevent a failure of justice." *Adams*, 202 Md. at 459, 97 A.2d 281. In order "to prevent a failure of justice," indictments should not automatically be dismissed because a fact is undiscoverable by the State. *Adams*, 202 Md. at 459, 97 A.2d 281. This is particularly true where the specific fact such as a date is not an element of the crime charged.

In the case *sub judice*, our review of the sufficiency of the indictment must be confined to the indictment itself. The indictment does not allege that the State was unable to

obtain additional information with respect to the time of the offenses. Thus, we cannot determine whether, under the circumstances in this case, the State was unable to be more specific as to the element of time. On the other hand, if under special circumstances an indictment contains a statement that all that is known as to the time of the offense is contained therein, the indictment may be sufficient if the assertion is reasonable under those special circumstances.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY.