560 A.2d 24

**STATE of Maryland**

v.

**James Elwood MULKEY.**

No. 22 Sept. Term, 1988.

Court of Appeals of Maryland.

July 6, 1989.

476

Jillyn K. Schulze, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for petitioner.

Terrence J. McGann (Dugan & McGann, P.A., both on brief), College Park, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

BLACKWELL, Judge.

In this criminal case involving a charge of child abuse and multiple sexual offense allegations, we are asked to determine the sufficiency of an indictment under Maryland Rule 4–202(a), which governs the requirements of a charging document.

Md.Rule 4–202(a) provides in pertinent part: "A charging document shall ... contain a concise and definite statement of the essential facts of the offense with which the defendant is charged and, *with reasonable particularity, the time and place the offense occurred.*" (Emphasis added).[1]

---

1. Md.Rule 4–202 is derived from former M.D.R. 711(a) and Md.Rule 711(a). In 1984, the Court of Appeals approved the amendment of the

Specifically, we evaluate whether indictments alleging the offenses occurred in Prince George's County, Maryland, sometime during three consecutive summers is stated with "reasonable particularity" sufficient to set forth the time of the offenses.

Respondent, James Elwood Mulkey (Mulkey), was charged with one count of child abuse and twelve counts of third degree sexual offense, naming two children under age fourteen as the victims.[2] The indictment was filed October 23, 1986 in the Circuit Court for Prince George's County and listed the dates of the offenses as follows:[3]

---

emphasized portion by requiring the indictment be stated with "reasonable particularity." The former rules mandated the time and place of the offense be identified "as particularly as possible." In a January 25, 1984 letter to this Court with attachments, the Standing Committee on Rules of Practice and Procedure noted the new rule is an improved criteria and indicated the former test "is a rather stringent test, which one day may lead to trouble."

2. The child abuse charge was brought pursuant to Maryland Code (1957, 1987 Repl.Vol.), Article 27, § 35A. The twelve counts of sexual offense were pursued under Art. 27, § 464B(a)(3).

3. As examples of the form of the indictment, Count 1 stated:
James Elwood Mulkey ... on or about the 1st day of June, nineteen hundred and eighty two, through the 6th day of September, nineteen hundred and eighty two, at Prince George's County aforesaid, having responsibility for supervision of [J.A.S.], a minor child under the age of eighteen years, did cause abuse to said minor child....
Count 3 stated:
James Elwood Mulkey ... on or about the 1st day of June, nineteen hundred and eighty two, through the 6th day of September, nineteen hundred and eighty two, at Prince George's County aforesaid, did commit a sexual offense in the third degree in that he, ... being at least four or more years older than [J.A.S.], did unlawfully engage in sexual contact, to wit: did touch the genitals of [J.A.S.], who was under fourteen years of age, in violation of Md.Code (1957, 1982 Repl.Vol.), Article 27, § 464B(a)(3)....
The indictment substantially followed the general form suggested in Md.Code (1957, 1987 Repl.Vol.), Art. 27, § 461C(a). The Court of Special Appeals has ruled that the identification of the county where the offense allegedly occurred is sufficient to satisfy the place requirement of Md.Rule 4-202(a). *State v. Mulkey,* 73 Md.App. 501, 507, 534 A.2d 1374, 1377–78 (1988); *West v. State,* 52 Md.App. 624, 639, 451 A.2d 1228, 1237 (1982). We note certiorari was not granted regarding

| Counts 1–5: Child abuse and four counts of sexual offense | June 1, 1982 to September 6, 1982 |
| Counts 6–9: Four counts of sexual offense | June 1, 1983 to September 5, 1983 |
| Counts 10–12: Four counts of sexual offense | June 1, 1984 to September 3, 1984 |

Defense counsel filed a motion to dismiss the indictment and a demand for a bill of particulars. Counsel maintained that the indictment was defective under Md.Rule 4–202(a) in that it failed to state with "reasonable particularity" the time and place of the offenses. The demand for a bill of particulars sought specific dates, times and locations of the offenses. The State filed an answer to the motion to dismiss and an opposition to the demand for a bill of particulars, emphasizing that the indictment was sufficient on its face to inform the defendant of the charges against him. The State further contended no bill of particulars was required to clarify or supplement the indictment. At the hearing held on March 23, 1987, the Circuit Court for Prince George's County dismissed the indictment. The circuit judge reasoned:

> The Court feels that the indictment is a gunshot remedy where they lop in several years and take a season of the year for several years running and put it all into an indictment, and it amounts to no more than a gunshot indictment on the part of the State and it does not comply with the Rules....

The motion for a bill of particulars was ruled moot. The Court of Special Appeals affirmed the dismissal, concluding "when the State is unable, with reasonable diligence, to determine the specific time that an offense allegedly occurred, the indictment may be sufficient if the State's inability to be more specific is contained within the indictment itself." *State v. Mulkey*, 73 Md.App. 501, 510, 534 A.2d 1374, 1379 (1988) (other citations omitted).

---

the sufficiency of the indictment in setting forth the place of the offenses as Prince George's County in the present case.

We granted certiorari to consider the important issue raised and note this is our first opportunity to review the "reasonable particularity" standard of Md.Rule 4–202(a). Because we hold the trial judge erred in dismissing the indictment under the circumstances, we reverse the judgment of the Court of Special Appeals. We shall analyze the sufficiency of the indictment under both the Maryland Constitution and the "reasonable particularity" standard of Md.Rule 4–202(a).

In *Ledbetter v. United States*, 170 U.S. 606, 612, 18 S.Ct. 774, 776, 42 L.Ed. 1162 (1898), the Supreme Court generally indicated the policy interest underlying allegations of time in an indictment:

Good pleading undoubtedly requires an allegation that the offense was committed on a particular day, month, and year, but it does not necessarily follow that the omission to state a particular day is fatal upon a motion in arrest of judgment. Neither is it necessary to prove that the offense was committed upon the day alleged, unless a particular day be made material by the statute creating the offense. Ordinarily, proof of any day before the finding of the indictment, and within the statute of limitations, will be sufficient (citations omitted).

Subsequently, in *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the Supreme Court commented, "The particularity of time, place, circumstances, causes, etc., in stating the manner and means of effecting the object of a conspiracy for which petitioners contend, is not essential to an indictment." *Id.* at 66, 62 S.Ct. at 463 (other citations omitted).

Article 21 of the Maryland Declaration of Rights mandates that a person charged with a crime shall be informed of the accusation against him. It provides "[t]hat in all criminal prosecutions, every man hath a right to be informed of the accusation against him; to have a copy of the indictment, or charge, in due time (if required) to prepare for his defense...." Art. 21, Md.Decl. of Rts. In order to satisfy this constitutional requirement, a charging doc-

ument is used to first characterize the crime and second, "by so describing it as to inform the accused of the specific conduct with which he is charged." *Jones v. State*, 303 Md. 323, 336, 493 A.2d 1062, 1069 (1985); *Williams v. State*, 302 Md. 787, 790–91, 490 A.2d 1277, 1279 (1985); *State v. Morton*, 295 Md. 487, 490, 456 A.2d 909, 911 (1983); *Ayre v. State*, 291 Md. 155, 163, 433 A.2d 1150, 1155 (1981). Specifically, the purposes served by the constitutional requirement include:

> (1) putting the accused on notice of what he is called upon to defend by characterizing and describing the crime and conduct;
>
> (2) protecting the accused from a future prosecution for the same offense;
>
> (3) enabling the accused to prepare for his trial;
>
> (4) providing a basis for the court to consider the legal sufficiency of the charging document; and
>
> (5) informing the court of the specific crime charged so that, if required, sentence may be pronounced in accordance with the right of the case.

*Ayre*, 291 Md. at 163–64, 433 A.2d at 1155. We have generally approved of the trend "of relaxing the formal requirements of indictments to avoid the prolix and often overly technical rules of common law pleading in favor of the shorter and simpler forms. *Ross v. State*, 308 Md. 337, 346, 519 A.2d 735, 739 (1987); *see also State v. Chaney*, 304 Md. 21, 497 A.2d 152 (1985), *cert. denied*, 474 U.S. 1067, 106 S.Ct. 824, 88 L.Ed.2d 796 (1986).

In *Jones, supra*, we reaffirmed the common law rule applied in Maryland "that a charging document must allege the essential elements of the offense charged." 303 Md. at 337, 493 A.2d at 1069. "All essential elements of the crime need not, however, be *expressly* averred in the charging document; elements may be implied from language used in the indictment or information" (emphasis in original). *Id. See also Williams v. State, supra; Putnam v. State*, 234 Md. 537, 200 A.2d 59 (1964); *State v. Coblentz*, 167 Md. 523, 175 A. 340 (1934); *Bosco v. State*, 157 Md. 407, 146 A. 238

(1929); *Rice v. State,* 9 Md.App. 552, 267 A.2d 261, *cert. denied,* 259 Md. 735 (1970). Here, we conclude the exact date of the offense is not an essential element, and is not constitutionally required to be set forth.

We recognize the unique problems involved in a child or sex abuse case where the victim is of tender years. The ability of a child to definitely state the date or dates of the offenses or to narrow the time frame of such occurrences may be seriously hampered by a lack of memory. As stated by the Court of Special Appeals in *Bonds v. State,* 51 Md.App. 102, 107, 442 A.2d 572, 575 (1982):

> We recognize there are many times when it is impossible for the State to determine the exact date and time that any crime was committed. Therefore, sometimes specificity as to the exact time and date of the crime alleged is impossible to establish. To establish a rule that would allow a criminal defendant to demand such specificity by raising an alibi defense would thwart justice and, in our view, is not required by either the Maryland or United States Constitutions.

We also are mindful of the traditional rule that the State is not confined to the specific date or dates stated in the charging document. *See Chisley v. State,* 236 Md. 607, 608, 203 A.2d 266 (1964); *Fulton v. State,* 223 Md. 531, 532, 165 A.2d 774, 774–75 (1960); 1 C. Wright, *Federal Practice & Procedure: Criminal* § 125, at 383 (1982) ("The allegation [as to date] is not regarded as going to an essential element of the crime, and within reasonable limits, proof of any date before the return of the indictment and within the statute of limitations is sufficient.") (footnote omitted).

The Court of Special Appeals has had several opportunities to review the sufficiency of an indictment challenged as to time allegations. Although the following cases were decided under the former rule containing the "as particular as possible" standard, they generally support the notion that the time of an offense stated in an indictment need not be precise.

In *Carter v. State,* 35 Md.App. 224, 370 A.2d 183 (1977), the indictments charged that credit card offenses occurred between August 1, 1974 and October 27, 1974. The court concluded "there was sufficient evidence to support convictions for three of the credit cards within the period stated in the indictment." *Id.* at 228, 370 A.2d at 186.[4] In *Bonds, supra,* the indictment was based on sexual offense charges alleged to have occurred during the period July 1, 1979 through March 10, 1980 at the defendant's home during weekday evenings and weekends. In responding to a bill of particulars, the State merely named three dates that "[stood] out in the complainant's memory as dates she visited the defendant." 51 Md.App. at 104, 442 A.2d at 573. The State's position was that it was unable to specify other dates because it did not have such information. In the present case, the State maintained that further information concerning the charges could be obtained through normal discovery procedures.

At the trial held in *Bonds,* an eleven year old female victim testified that the acts occurred continually during the time period stated in the indictment. There was testimony that the final act occurred on Saturday, March 1, 1980. The Court held: "There is no Maryland case law which requires, and the applicable statute, Maryland Code (1957, 1981 Repl. Vol.), Article 27, § 461, *et seq.,* does not require, that in such a case as this the State must plead and prove that the offense occurred on a specific date at a specific time." *Id.* at 106–07, 442 A.2d at 575. The Court concluded that the State was not precluded from prosecution if it is impossible to be precise as to the timing of the offense.

---

**4.** The *Carter* court also commented: "While ordinarily the State is not confined to the time stated in the indictment, we observe an exception to this rule when the date in the indictment misleads the defendant because of multiple charges." *Id.* at 228, 370 A.2d at 186; citing *Tucker v. State,* 5 Md.App. 32, 245 A.2d 109 (1968); *Burkett v. State,* 5 Md.App. 211, 245 A.2d 911 (1968). Nonetheless, the Court of Special Appeals declined to elaborate or apply the exception. Without further guidelines, we also decline to interpret the *Carter* dicta in this case.

Finally, *Rosenberg v. State,* 54 Md.App. 673, 460 A.2d 617 (1983) involved several prostitution type crimes alleged to have occurred between May 2, 1981 and May 18, 1981. The court commented:

Maintaining a bawdy house encompasses regenerating criminal conduct. That conduct in some instances may not be detected because of the secluded environment in which it occurs. As Rosenberg well knows, it would have been impossible for the State to set forth the date upon which each and every illegal sexual act was culminated. We think the time in which the offenses occurred was described "as particularly as possible" and certainly put Rosenberg at no disadvantage.

*Id.* at 684, 460 A.2d at 622.

In reviewing the sufficiency of indictments primarily challenged on constitutional grounds, many jurisdictions support the principle that general allegations as to time are sufficient. The common strain in the following cases is that the state is not required to present an indictment with the actual date of the offense where the date is unknown. Similar to the present case, it is significant that the majority of the authorities involve sexual offense and child abuse type crimes and child victims. In a recent case, *State v. Mancinone,* 15 Conn.App. 251, 545 A.2d 1131 (1988), *certif. denied,* 209 Conn. 818, 551 A.2d 757 (1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1132, 103 L.Ed.2d 194 (1989), the defendant challenged an information of two counts of risk of injury to a minor child.[5] There, the defendant maintained he could not effectively establish defenses of alibi and impossibility because he was charged with having committed the offenses between August, 1982 and November, 1984. The Connecticut appellate court found no error in

---

5. Defendant was charged with violating Conn.Gen.Stat. § 53-21 (1969) (effective Oct. 1, 1971) which provides in full:

Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both.

refusing to require the state to make the charging documents more specific, reasoning "where the offense is of a continuing nature, it may be impossible to provide specific dates in the charging documents." *Id.* 545 A.2d at 1136, citing *State v. Hauck,* 172 Conn. 140, 374 A.2d 150 (1976). The court elaborated: "Generally in such cases, 'as long as the information provides a time frame which has a distinct beginning and an equally clear end, within which the crimes are alleged to have been committed,'" it is sufficient to satisfy the constitutional requirements." *Id.* 545 A.2d at 1135–36 (other citations omitted); *see also State v. Saraceno,* 15 Conn.App. 222, 545 A.2d 1116, 1124 (1988), *certif. denied,* 209 Conn. 824, 552 A.2d 432 (1988) ("The state does not have a duty to disclose information which the state does not have."); *State v. Evans,* 205 Conn. 528, 534 A.2d 1159, 1162–63 (1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1292, 99 L.Ed.2d 502 (1988) ("We have never held that when the charges are sex-related and alibi is the defense asserted that the trial court should dismiss the charges unless the state, in response to a request, can allege the precise date of the offenses ...; neither the federal nor state constitution requires the state to choose a particular moment as the time of an offense when the best information available is imprecise.").

In *State v. Lakin,* 128 N.H. 639, 517 A.2d 846 (1986), the defendant was convicted of aggravated felonious sexual assault upon a victim between thirteen and sixteen years of age. The indictment alleged that the defendant performed the acts between May, 1982 and February, 1984. The Supreme Court of New Hampshire rejected the claim that the failure to charge a more specific date violated defendant's right to due process. The court held the indictment was sufficiently specific because: (1) the exact date of the assault was not an element; (2) no defense was possible based on either the victim's age, or the statute of limitations; and (3) courts may tailor double jeopardy protection to reflect the scope of the time period charged in an earlier criminal prosecution. *Id.* 517 A.2d at 847; *see also State v.*

*Steer,* 128 N.H. 490, 517 A.2d 797, 800 (1986) (failure to name a precise date was not an error where indictment alleged the offense occurred sometime in April, 1984).

In *Jackson v. United States,* 503 A.2d 1225 (D.C.App. 1986), the indictment charged appellant with seventeen counts of sodomy, taking indecent liberties with a minor child and enticing a minor child. The charges arose out of seven separate incidents involving three children, ages seven, eight and twelve. The indictment set forth four different time frames within a period of eighteen months. In concluding the indictment was valid, the District of Columbia Court of Appeals commented, "Given the child-complainant's inability to recall events by specific time and date, the indictment was more than adequate to safeguard appellant's rights." *Id.* at 1227.

In *Commonwealth v. McClucas,* 357 Pa.Super. 449, 516 A.2d 68 (1986), *aff'd on other grounds,* 378 Pa.Super. 202, 548 A.2d 573 (1988), the information stated the offenses of rape, statutory rape, incest, simple assault, corruption of minors, and endangering the welfare of children were allegedly committed against a minor on or about March, 1979 through April, 1984. In ruling the trial court did not abuse its discretion in denying appellant's motion to dismiss the informations, the Pennsylvania appellate court stated:

> [W]e must necessarily conclude that the offenses in the instant case, were not susceptible to being dated within a 'reasonable degree of certainty.' Inasmuch as the crimes, in toto, occurred over a period of time, we are not prepared to say that the lack of chronological specificity seriously encroached upon appellant's ability to defend himself.

*Id.* 516 A.2d at 71.

*Commonwealth v. Niemetz,* 282 Pa.Super. 431, 422 A.2d 1369 (1981) involved sexual offenses against a child which were alleged to have occurred "on (or about) divers dates beginning in 1972 and continuing until August, 1977." *Id.* 422 A.2d at 1372–73. The court found the information valid

and affirmed the lower court's denial of a motion to quash the information. The Pennsylvania appellate court reasoned:

[W]e do not believe that it would serve the ends of justice to permit a person to rape and otherwise sexually abuse his child with impunity simply because the child has failed to record in a daily diary the unfortunate details of her childhood. Since the facts of the instant case preclude a definite enumeration of events and because the record belies any assertion that the Commonwealth sought to abuse the flexibility of Rule 225, we hold that it was not an abuse of discretion to deny the motions.

*Id.* 422 A.2d at 1373. Numerous other state courts have affirmed convictions where an indictment was challenged based on the lack of time specification. *See State v. D.B.S.*, 216 Mont. 234, 700 P.2d 630, 633–35 (1985) (The information indicated a ten month period, January 1, 1983 to October 28, 1983, during which the offense was to have occurred.); *State v. Hatch*, 346 N.W.2d 268, 276 (N.D.1984) ("We do not believe the state was required to prove that all elements of the offense of theft of property were committed between November 1, 1980 and December 31, 1980" as stated in the information.); *State v. Madden*, 15 Ohio App.3d 130, 472 N.E.2d 1126, 1127–28 (1984) (charging rape of a child during a seven month period); *State v. Allen*, 622 S.W.2d 275, 276 (Mo.App.1981) (charging sexual abuse of a child between January 1, 1979 and July 1, 1979); *State v. Roberts*, 101 Idaho 199, 610 P.2d 558, 559 (1980) (information stated that the alleged offenses occurred "on or about the months between June and September, 1976," and "on or about the months of May, 1976" and "of June, 1976" respectively); *State v. Wonser*, 217 Kan. 406, 537 P.2d 197, 198 (1975).

We conclude the general form indictment[6] in the present case stating that the offenses occurred over three consecutive summers was constitutionally valid under Article 21 of the Maryland Declaration of Rights. Because the

---

6. *See* Md.Code (1957, 1987 Repl.Vol.), Art. 27, § 461C(a).

charges involved multiple sexual offense violations, the child-victims were unable to specify the exact dates or times of the acts. Mulkey was apprised of the continuing nature of the offenses such that his defense was not prejudiced. Here, the time of the alleged offenses is not an essential element. The State's indictment in the present case results in a bar to subsequent prosecutions for offenses which may have occurred during the stated time periods.

■ In addition to the constitutional analysis, the "reasonable particularity" requirement of Md.Rule 4–202(a) provides a second integral step in assessing the sufficiency of the indictment. Pursuant to Article IV, Section 18 of the Maryland Constitution, we have formulated certain general rules for charging documents. Our focus here is on the current language of Md.Rule 4–202(a) which mandates that "a charging document ... shall contain a concise and definite statement of the essential facts of the offense with which the defendant is charged and, *with reasonable particularity, the time and place the offense occurred.*" (Emphasis added). The determination of whether an indictment is stated with "reasonable particularity" as to the time of an offense depends upon the facts and circumstances of each case. The trial judge is ordinarily in the best position to make the finding on a case by case basis.

■ In a sexual offense case involving a child victim, the trial court's determination as to how "reasonably particular" a charging document should be as to the time of the offense should include the following relevant considerations: 1) the nature of the offense; 2) the age and maturity of the child; 3) the victim's ability to recall specific dates; and, 4) the State's good faith efforts and ability to determine reasonable dates. This is not meant to serve as an all-inclusive list. We indicate these factors for the purpose of assisting trial judges in evaluating the "reasonable particularity" requirement under the circumstances. A hearing may be necessary to fully ascertain the extent of the State's knowledge regarding these factors.

■ Traditionally, we have noted that a bill of particulars forms no part of the indictment and cannot be applied to cure a defective indictment. *State v. Morton*, 295 Md. 487, 492, 456 A.2d 909, 912 (1983); *Spector v. State*, 289 Md. 407, 423–24, 425 A.2d 197, 205 (1981), *cert. denied*, 452 U.S. 906, 101 S.Ct. 3032, 69 L.Ed.2d 407 (1981) (quoting *Seidman v. State*, 230 Md. 305, 312, 187 A.2d 109, 113 (1962), *cert. denied*, 374 U.S. 807, 83 S.Ct. 1696, 10 L.Ed.2d 1031 (1963)); *Delcher v. State*, 161 Md. 475, 482, 158 A. 37, 41 (1932). Particulars are generally not considered in determining the validity of an indictment. *Spector*, 289 Md. at 424, 425 A.2d at 205. However, in the context of a rape or sexual offense case, the General Assembly delineated a specific exception in Md.Code (1957, 1987 Repl.Vol.), Art. 27, § 461C(b) which provides in full: "In any case in which this general form of indictment, information, or warrant is used to charge a rape or sexual offense, the defendant is entitled to a bill of particulars specifically setting forth the allegations against him." This language indicates a mandatory, unqualified intent. Here the State substantially adhered to the general form specified in Art. 27, § 461C(a).

■ We therefore hold that the trial judge committed error in prematurely granting Mulkey's motion to dismiss the indictment and in ruling the demand for a bill of particulars was moot. As the defendant was charged with twelve counts of sexual offense under Art. 27, § 464B(a)(3), he was entitled to responses to the demand for a bill of particulars.[7] We find no justification in curtailing the defendant's statutory right. The trial judge should have compelled responses to the demand for a bill of particulars prior to ruling on the motion to dismiss the indictment. The State's allegation that no bill of particulars was required to clarify the indictment was inappropriate. The court should

---

7. In the demand for a bill of particulars filed November 5, 1986, defense counsel specifically sought the exact months, days and times for each of the counts alleged. The State refused to respond stating "that the defendant may obtain further information about the charges through normal discovery procedures."

have considered the information provided in the responses in determining the "reasonable particularity" of the time of the offenses stated in the indictment. To conclude otherwise would render the defendant's right to a bill of particulars meaningless.

Because of the procedural deficiency involved, we shall reverse the judgment of the Court of Special Appeals. The fact that the State may not be able to allege exact dates of the offenses or to further narrow the time periods may or may not be fatal to the sufficiency of the indictment. Here, the record is unclear as to the extent of information known by the State in setting forth the time of the offenses in the indictment. Therefore, the final determination of the "reasonable particularity" of the indictments depends to some degree on the content of the State's responses to the demand for particulars.

Upon further proceedings, the trial court should require the State to respond to the demand for a bill of particulars and reconsider its ruling on the motion to dismiss the indictment in light of the information provided. If the State declines to respond, the court may then determine the appropriate sanction to be dismissal. The court should also apply the previously mentioned considerations in assessing the "reasonable particularity" of the time periods stated in the indictment.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED;

CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY DISMISSING THE INDICTMENT AND TO REMAND THIS CASE TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY RESPONDENT, MULKEY.